## WRIGHT v. SPENCER.

1. Trover lies against an officer who seizes property by virtue of process, but sells it without giving due notice.

2. In such action, the measure of damages is not the value of the article, but it is the deficit in the price the article should have produced.

THIS was an action of trover and conversion, brought by Spencer against Wright, in the Circuit Court of Tuscaloosa county, to recover the value of a horse.

On the trial, the defence, under a plea of justification, was, that the defendant had taken the horse as an officer, under an attachment, and had sold him under an order made by the justice issuing the attachment, directing fifteen days notice to be given of the time and place of such sale The Court charged the jury, that where an officer justifies on the ground of legal authority, they must be satisfied that he had conformed to that authority; and that if he had sold without giving the notice required by law, that the sale did not change the right of property, and this action could be sustained. To this charge, the counsel for the defendant excepted. Verdict and judgement for the plaintiff.

Wright here assigns as error, the charge given in the Court below.

JULY 1828.

Wright
v.
Spencer.

SHORTRIDGE and ELLIS, for the plaintiff in error, con-tended that trover did not lie, and that if it did the charge was too broad.

BARTON and STEWART, for the defendant.

JUDGE WHITE delivered the opinion of the Court.

IT is certain that the process of the law will protect the officer who pursues it, but if he misuses or abu es it, that protection is taken from around him : notwithstand-ing, then, in this case, the original taking may have been lawful, if the defendant was guilty of a misfeasance, he thereby became a trespasser *ab initio*. A misfeasance is the improper performance of some act which might law-fully be done. The defendant here had a right to take and sell the property, but was bound to do it as directed by law. If, then, he sold without the legal advertisement, it was the improper performance of an act which might have been lawfully done ; and he was, according to strict definition, guilty of a misfeasance. By this he was dis-mantled of his protection, and made a trespasser from the beginning. There can be no question but that he was liable to the action of trespass. In such an action, the plaintiff must shew either an actual possession, or a gene-ral right of property which would draw to it a construc-tive possession at the time of the trespass committed. Then, if trespass were the action, the objection that the officer's having taken possession divested the property, would not avail. For though true to a certain extent, yet the misfeasance on his part would revest the property in the original holder, and the law would consider it as having been there from the beginning. Now, in an ac-tion of trover, as well as in trespass, the plaintiff must prove either actual possession at the time of conversion, or a right of property, which gives constructive posses-sion. In these particulars, then, the actions resemble each other ; and if in trespass the first taking by the officer, and his qualified property, would not interpose a bar by rea-son of his subsequent misfeasance, I cannot see why it should create the difficulty contended for in trover. The taking of the property tortiously constitutes a conver-sion, and the party injured may waive the trespass, and bring trover If, however, he deliver the property him-self, or the defendant by lawful means gains the posses-

78

JULY 1828.

Wright
v.
Spencer.

sion, the plaintiff is bound to prove a demand and refusal, an actual conversion, or an abuse of the trust reposed; or authority given, to the prejudice of his rights. In this case the defendant did abuse his authority, and that too, to some extent at least, to the injury of the plaintiff: there was then a conversion. Nor, is it always necessary, that the plaintiff should be injured to the full amount of his property on the one hand, or that the defendant should have appropriated the goods to his own exclusive use on the other. For though the plaintiff may have regained the possession of his property, he may nevertheless recover in this form of action, to the extent of the injury actually sustained; and if A deliver goods to B, and he deliver them over to a third person, without authority, it is a conversion on the part of B; or if B receive goods as a carrier, consigned to C, and he by negligence lose them, or even by mistake deliver them to a wrong person, he is liable in trover " From all which it is manifest that if the authority to possess goods, given either by the owner or the law, be by any positive act abused, it is a conversion, and trover will lie; and the recovery will, as in trespass or case, depend on the extent of the injury; with this limitation, that in trover you cannot recover beyond the value of the property converted, and interest on that value. For these reasons, I think that this action was well brought; and therefore, that the first objection is badly taken.

The charge of the Court, however, is manifestly too broad in this, that it states that the sale by the defendant, without notice, did not change the right of property. We think that the sale, even though made without notice, would vest the property in the purchaser, though at the time of such sale, the plaintiff had such a right as would enable him to maintain this action for the conversion which was then committed. Besides, this charge had a direct tendency to induce the jury to give damages to the full value of the property, which we think in a case like this, where it was sold to pay his debt, should not have been recovered, but that he should have received a compensation for the diminution in price produced by the irregularity of the defendant, in not giving the proper notice. For this last error, therefore, the judgement must be reversed and the cause remanded.

The CHIEF JUSTICE not sitting.