PROBATE COURT for the District of ———, BENJAMIN
    BARBER prosecutor, *v.* WILLARD BATES *et al.*

In a breach of the conditions of a *Probate Bond,* many things which will
    not amount to a legal defence, will reduce the damages.

If an adminisirator make sale of land, under an order of the court of pro-
    bate, and do not account therefor, it is a breach of his bond, for which
    the ordinary rule of damage would be the price of the land.  But if an
    administrator *de bonis non* be appointed, who actually receives the pay
    or any part thereof, and renders an account therefor, on which a divi-
    dend is made; this will, so far, mitigate or reduce the damages, though
    amounting to no legal defence.

DEBT, on a bond  given to the probate court, by the defend-
ants, as surety for Elisha Lovett, administrator of  the estate
of–Elijah Lovett, deceased, dated  February, 4, 1825.  A
judgment was rendered in the county  court for  the penalty
of the bond at the December term, 1836, and at the Decem-
ber term of said court, 1837, the  issues  on the breaches as-
signed by the prosecutor  were tried.

It appeared on the  trial, that  the estate  of  Elijah Lovett
was represented insolvent; that a claim  against the  estate,
was allowed in favor of  the prosecutor at $191,14 ; that the
said Elisha had  been cited to render an  account of  his ad-
ministration, in the  probate  court, and  that he rendered an
account of the personal estate only ; that he was  duly licens-
ed to sell the real  estate, and  in March, 1825, sold the same
for $1675,00, and that he never rendered any account there-
for in the probate court, nor paid any part of the avails there-
of to the creditors.

It further appeared, from  the evidence offered by  the de-
fendants, that when  the  real estate was sold, two notes were
taken for the purchase  money, one against Solomon  Wright
foi one half of  the amount of the sale, and one against Hen-
ry Lovett for  the other  half ; that in October, 1827, Elisha
Lovett, the administrator, removed out of  the state, and Syl-
vanus Danforth  was  appointed administrator *de bonis non*
of  the estate  of said  intestate,  and received the two notes
before mentioned, on both of which there were endorsements
made  by  the  former administrator ; that the said Danforth
called on the said Wright and Henry Lovett, for payment of
the notes, and was unable to obtain payment, the said Wright
and  Henry  alleging  that they had demands  against the es-
tate  of  the said intestate ; that the said Danforth, being ad-

vised that he could not collect said notes, made a settlement with Henry Lovett, and received of him two notes, amounting to about seven hundred dollars, one of which notes had been collected and credited by him in his administration account, and a judgment had been recovered on the other, which remained unpaid; that said Henry had removed out of the state, and the demands against him could not be collected; that Danforth brought a suit against Wright on the note given by Wright, and a judgment was recovered in said suit, in favor of the estate, for about twenty five dollars, which remained unpaid; that said administrator *de bonis non* had filed his account in the probate court and a dividend of the amount in his hands, was, by said probate court, ordered to be paid to the creditors, and that the dividend due to the prosecutor had not been paid.

Upon these facts, the county court decided that the defendants were liable for the whole amount of the sale of the real estate, and that the accounting for a part of the avails of it, by the administrator *de bonis non*, in the probate court, and a dividend being made of the sum so accounted for, did not exonerate the defendants from any part of the original liability of the first administrator, and rendered a judgment for the plaintiff, to recover the proportion of the sum of $1,675, which the debt of the prosecutor bore to the whole amount of the claims of the creditors.

To the decision of the county court, the defendants excepted.

*U. Robinson & D. Robinson*, for defendants.

*John S. Robinson & P. Isham*, for plaintiffs.

It is claimed that the defendant is liable to pay to the plaintiff, for the non-performance of the condition of this bond, by the administrator, the sum of $76,40, being the dividend upon the sum of $1675,00. And also interest upon the dividend from the time the administrator should have rendered his account.

This is the rule of damages adopted in the cases of *Warren* v. *Powers*, 5 Conn. 373, and 3 Conn. 289, and it is no excuse, at law, for the breach of this bond by the administrator, that the notes taken by him on the sale of the real estate went into the hands of the administrator *de bonis non*, and were subsequently accounted for by him. 5 Conn. 373. 2 D. Chip. 16. 3 Conn. 289.

The administrator, by taking notes instead of money upon the sale of the estate, thereby became personally liable upon his bond for the amount sold.   1 Chip. 409.

The opinion of the Court was delivered by

COLLAMER, J.—This was on a hearing in the assessment of damages, on the alleged breaches of a probate bond, in not accounting for land sold, and paying over the same to creditors.   Judgment had been already rendered for the panal part of the bond, in relation to which no question is before us.   There is no doubt that the administrator sold land, under the order of the probate court, and has neglected to account therefor. There has, therefore, been a breach of the condition of the bond, and no subsequent accounting or payment could heal this breach, or constitute a defence.   All, therefore, which was offered or shown by the defendant, and even much more, could not have constituted a defence.   This is all which the authorities  cited by the plaintiff  tend to show. But the  question  still  remains, cannot many things, which amount to no legal defence, be received to *mitigate damages.* The ordinary rule of damages  for the breach  of neglecting to inventory property, is the value of such  property ; but  if it be shown that it was afterwards actually accounted for,  to the estate, that would essentially reduce the  damages.   The neglecting seasonably to account for land sold,  is a breach of the bond, the ordinary  rule  of damage for which would  be the price for which it was sold.   But in this case, the defendant showed, among other things, that several  hundred dollars of the avails of this sale, was actually received, in money, by the  administrator  *de bonis non,* and actually went into his account, and a dividend  was thereon struck to the creditors.   Now, (to say nothing of the Wright note, which  was of more difficult solution) this  money should,  most clearly, reduce the  damages, as  much  as if the  same amount had been accounted for by the first administrator,—but it appears to have been all rejected by the court.

Judgment reversed.