## SAVAGE v. FORWARD.

1. Where a constable has sold slaves under a levy made by him, there being at the same time an older levy by the sheriff, a subsequent creditor levying on the slave, after the sale, cannot raise the question, as to the right of the constable, under the circumstances to levy.

2. Where a slave sold by a constable is afterwards levied on by another creditor, and claimed by the purchaser, an amended return made by the constable during the trial of the claim, may be read as evidence, it being good so far as it goes.

3. Where a creditor makes an affidavit to procure the immediate issuance of an execution, his motive is not *prima facie* a subject of inquiry, though under certain circumstances, as for instance, a case of fraudulent combination to defraud creditors, this inquiry may be made ; yet it is necessary to set out these circumstances in the bill of exceptions, before an appellate Court can judge whether the motive could be inquired into.

Writ of error to the County Court of Clarke county.

CLAIM of property, interposed by Forward, to a certain slave levied on by the sheriff, by virtue of an execution, at the suit of Savage against one Dean.   The claimant made title through the medium of a constable's sale, by virtue of an execution against the goods, &c. of Dean, by a justice of the peace.   This execution, bearing date 1st January, 1842, was given in evidence ; upon it was this indorsement : " Rec'd 1 January, 1842. Levied on the following slaves, to wit : Joe, Daphne, Jenny, Maria, Jim and George, 3 January, 1842.   Satisfied, 3 Jan'y, 1842.   Neil Ezell, Const."   The claimant then offered to prove by the constable, that he sold the slaves named in the return to the claimant ; which being objected to by the plaintiff in execution, the claimant moved the Court to permit the constable to amend his return, but the Court refused either to direct or prevent such amendment, and the constable then added to and amended his return, that he had sold the said slaves to the claimant, for $1,386, on the 3d January, 1842.   The claimant then offered to read the return so amended, to the jury, which the Court allowed, against the objection of the plaintiff.

There was evidence tending to show, that the sheriff of Clarke county, previous to the levy by the constable, had levied certain executions in his hands, upon the same slave. Whereupon the plaintiff asked the Court to instruct the jury, that if such was the fact, the constable could not levy on the same slave, and that any levy so made by the constable, was absolutely void. This was refused, and the Court instructed the jury, that a levy made by the constable, after a levy on the same slave by the sheriff, was not void, but voidable. And that so soon as the execution in the sheriff's hands was satisfied, then the levy made by the constable, bound and held the property. There was evidence tending to show, that the creditor whose execution was in the constable's hands, had made oath, that unless the execution was issued forthwith, he would be in danger of losing his debt. On this the Court charged the jury, they could not inquire into the motives of the creditor in taking this oath. This creditor, was the purchaser from the constable, and is now the claimant.

The evidence tended to show, that the constable gave no notice of the sale, under the execution, and that the execution debtor had, in writing, waived all exceptions for want of notice, and insisted on the sale. On this the plaintiff asked the Court to instruct the jury, that a sale by a constable, without notice, was void. This was refused, and the jury instructed, that a sale without notice, was valid, if no creditor was prejudiced, the property bringing a just and reasonable valuation, and the debtor consenting to the sale without notice.

The plaintiff excepted to these several rulings of the Court, and they are now assigned as error.

LESLIE, for the plaintiff in error, made the following points:

1. Property once levied on, remains in the custody of the law, and is not liable to be taken by another execution, in the hands of a different officer. [10 Peters, 400.]

2. The Court of a Justice, is not one of record; the best evidence, therefore, of the sale by the constable, was his testimony, and not his return upon the execution.

3. The claimant, being the creditor by whom the sale was forced, the jury might properly inquire into his motives in causing an execution to issue forthwith.

4. The Constable ought to have given twenty days notice of sale. [Clay's Dig. 216, § 78.]

BLOUNT, contra, insisted, that no question of the right of the constable to levy, was involved here, as no one disputed the right.

The contest is not between creditors, as such, contesting the priority of liens, but as between a purchaser and a creditor, seeking to set aside a sale, on account of supposed defects in the authority of the agent. All this was assented to, and ratified by the debtor, and the sale may be considered as made by him, through his agent.

The only question between these parties should have been, as to the *bona fides* of the transaction. And the motives of the party in suing out execution, had nothing to do with the matter in issue.

GOLDTHWAITE, J.—Under the circumstances of this case, the question does not arise in relation to the conflict of right between the sheriff and constable. Whatever may have been the rights of the different creditors, under their respective levies, they, as well as the debtor, seem to have acquiesced in the sale made by the constable. It is a creditor subsequent in point of time, to either of those who had previously levied, who is now seeking to set aside the sale. It was held in this Court, at a very early period, that a sheriff's sale was valid, although the statutory notice had not been given, Wright v. Spencer, 1 Stew. 576, and such is now the settled law of this State. [Ware v. Bradford, 2 Ala. Rep. 676.] Hence, we conclude, that the present plaintiff cannot dispute the validity of the sale, made by the constable, on account of any irregularities, either in the levy or manner of selling.

2. With respect to the admission of the constable's return as evidence, to the jury, we can perceive no error. Whether further evidence from the constable, or some other person, of the actual sale, was not requisite, is a question not raised on the record. The return of the execution was proper evidence, so far as it went.

3. It is not stated in the bill of exceptions, in what way it became material to inquire into the motives of the claimant in

suing out execution, immediately after obtaining his judgment, and, therefore, we cannot determine that the instruction given was erroneous : *prima facie*, the motive of the creditor could have no influence on the subsequent sale, and although such an inquiry, under certain circumstances, would have been proper, as, for instance, a fraudulent combination to secure the property from other creditors, these should have been made to appear on the bill of exceptions. It falls within the rule, that when evidence is *prima facie* immaterial, its relevancy should be shown.

We think there is no error, and the judgment is affirmed.