## WEIR *vs.* CLAYTON.

1. The title of one who claims under a purchase at a sheriff's sale, made by virtue of a "*venditioni exponas*" from the Circuit Court, cannot be collaterally impeached, on account of irregularities in the proceedings upon which the order of the Circuit Court is founded.

2. An order of sale made by the Circuit Court, which recites the issuance of an execution by a justice of the peace of the county in which the lands lie, and its levy by a constable of that county, and also states the numbers of the land, is sufficient, although it does not designate by name the county or the district in which the lands lie. .

ERROR to the Circuit Court of Benton. Tried before the Hon. L. P. Walker.

THIS was an action of trespass to try titles to certain lands, instituted by the plaintiff against the defendant in error. The defendant claimed under a sheriff's sale.

RICE & MORGAN, for plaintiff in error :

1. An order of the Circuit Court to sell land levied on by a constable under an execution issued by a justice of the peace, is not a final judgment, nor in the nature of such judgment. It is at most only a confirmation of the levy. It cannot add to the levy any matter which is not shown in the levy, but which the statute makes essential to the validity of the levy. A mere confirmation of a void levy cannot impart vitality to such levy.— White v. Shannon, 3 Ala. 286.

2. A sale of land by a sheriff under such order of a Circuit Court, is essentially different from a sale of land by a sheriff by virtue of process issued under the judgment of a court of record. The former is the mere execution of a power, (conferred by the statute only in certain cases,) the validity of which depends on an act *in pais;* the latter is a judicial sale.

3. The levy of the constable in this case is void. To make it valid, it was necessary that it should affirmatively appear in the proceedings, that the state of facts existed, upon the existence of which alone the statute authorized him to levy. No presumption can be indulged in this class of cases.—Pope v. Headen, 5 Ala. 433; 1 Cowper, 111—see cases cited on brief in

Commissioners' Court v. Sabra Thompson, in Supreme Court. Notice of the levy, either actual or constructive, was essential. McCurry v. Hooper, 12 Ala. 823; Commissioners' Court v. Sabra Thompson.

4. The levy being void, the order of court and sale are also void—for the Circuit Court has jurisdiction or authority to order a sale only on this condition—"if it shall appear that the proceedings are regular."—Clay's Dig. It cannot acquire jurisdiction by saying the proceedings did appear regular, when in truth they did not appear regular.

Motion to set aside a void sale is not proper.—Mahone v. Nuckolls, 15 Ala. 212.

The orders of sale made by the Circuit Court of Benton county are void on their face,—because they do not show that the land levied on was in Benton county, nor mention the land district in which it was situated, nor give any description which would enable any court to pronounce that the land did lie in Benton county. Nor do they show that notice of the levy was given as required; and there is no authority to the sheriff to sell.—See cases above cited—see also, cases cited for defendant in error, in the case of Pollard v. *Doe ex dem.* Cocke, at this term.

J. B. MARTIN, *contra:*

The order of sale by the Circuit Court, (though irregular,) cannot be collaterally impeached. If there be such irregularities, either int he judgment, *ven. ex.*, or in the proceedings of the sheriff under them, they can only be taken advantage of in a direct proceeding to set aside the sale.

Every reasonable intendment is to be made in favor of the judgment, and if notice to the defendant be necessary, or if it was necessary to show a want of sufficient personal property, it must be presumed in this collateral suit that these things were proved.—Clay's Dig. 207, § 31; Lessee of Glover's Heirs v. Ruffin, 6 Ohio, 255; Buckingham v. G. Alexa. Society, 2 ib. 454; Ward v. Saunders, 6 Ired. 382; Burks v. Elliot, 4 ib. 355; Smith v. Houston, 16 Ala. 111; Love v. Powell, 5 ib. 58; Cockerell v. Wynn, 12 S. & M. 123.

There is a clear distinction between a sale by the sheriff, whose authority for selling is the execution, and who need only look to

it, so far as his own justification or the title of the purchaser is concerned, and a sale by a tax-collector, whose entire authority is based upon the statute, and which therefore must be strictly pursued.—President & Select Men of Natchez v. Minor, 10 S. & M. 246.

It cannot be successfully maintained that the orders of the Circuit Court were void. The Circuit Court certainly had jurisdiction of the subject matter. The granting of an order of sale is an *ex parte* proceeding, intended to perpetuate the evidence of the justice's judgment for the protection of the purchaser. If there be any irregularity in the proceeding, the defendant in execution is not without his remedy.—White & Bingham v. Shannon, 3 Ala. 286.

PARSONS, J.—The land was sold by the sheriff in 1839, under orders of the Circuit Court of Benton, made upon the returns of a constable on three executions issued by a justice of the peace. Luckey was a defendant among others, in each of the executions, and the legal title to the land was in him. The defendant claims by a regular chain of conveyances from the purchasers at the sale. The executions from the justice and the levy by the constable are recited in the orders, and the order states that the proceedings were regular.

The executions were read in evidence on the trial, and the constable's return was, "Levied the within on the N. E. ¼ of the N. E. ¼ of section 21, township 15, range 11 E., in the Coosa land district, as the property of Catherine Weir and J. P. Luckey; pointed out by the plaintiff,—16th Dec. 1838."

The act of 1818 (Clay's Dig. 207, § 31,) provides that when necessary for want of personal property to levy such executions on land, the officer levying the execution is to return it to the next Circuit Court of his county, and the court, on motion of the plaintiff, "and it appearing by an exhibition of the proceedings before the justice, that the same have been regular," is to order a sale of the land, or whatever part thereof may be necessary to satisfy the execution. The plaintiff's counsel contend that the defendant's title is bad, because it does not appear that there was a want of personal property, or that the defendant was notified of the levy.

But he attacks the title collaterally, which cannot be done up-

on the ground of any such irregularities.—Ware v. Bradford, 2 Ala. 676; Love & Williams v. Powell, 5 ib. 58.

It is contended that the orders are void, because they do not show that the land was in Benton county, or mention the land district. But they recited an execution issued by a justice of Benton and levied by a constable of Benton, and then state the numbers of the land. This we think was sufficient.

If the defendants in execution were injured by the irregularities, they had a direct remedy, and upon that they must rely.

The judgment is affirmed.