JOB POLHEMUS

v.

EPHRAIM P. EMSON.

</div>

In a partition of lands, in equity, between one tenant in common and the purchaser of his co-tenant's share under an execution at law, where the co-tenant has wasted part of the land before the sheriff's sale, the part so wasted must be set off to such purchaser.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. C. Ewan Merritt* and *Mr. James Wilson,* for complainant.

*Mr. Joel Parker,* for defendant.

THE CHANCELLOR.

The facts in this case are fully stated in a former opinion (*Polhemus* v. *Emson,* 12 *C. E. Gr.* 190). This suit is brought for relief against a partition which, when the bill was filed, was about to be made at law of a tract of woodland in Ocean county. The land was held by the complainant and Emanuel Hodson, as tenants in common, from May 1st, 1852, up to August 21st, 1865, when a voluntary partition thereof, by deed, was made between them. In 1861, the defendant recovered a judgment, in the court of common pleas of Ocean county, against Hodson, and, in 1871, under an execution thereon, caused Hodson's interest in the property to be sold, and purchased it at the sheriff's sale. After obtaining a deed from the sheriff, he instituted proceedings at law for partition between him and the complainant, and this suit was brought for relief against that partition. In 1869, three years before the sheriff's sale, Hodson sold the timber off the part of the land which had been assigned to him in the voluntary partition between him and the complainant. On the part assigned to Polhemus, the timber still remained. There were no improvements on the land, and it is of little or no value without the timber. When this cause was brought to final hearing, in 1876, it was decreed that the voluntary partition was binding on Emson, the judgment creditor. This view was not concurred in by the court of errors and appeals (*Emson* v. *Polhemus,* 1 *Stew.* 439), and the decree was, therefore, reversed, and the record remitted to this court, with direction that the cause be proceeded in here according to the law and the practice of this court. A motion was thereupon made in this court to dismiss the bill. It was denied on the ground that the appellate tribunal had

Polhemus v. Emson.

not passed upon the question of the right of the complainant to have the partition made on equitable terms. *Polhemus* v. *Emson*, 1 *Stew.* 576. From the order made on that decision, an appeal was taken which resulted in an affirmance. *Polhemus* v. *Emson*, 2 *Stew.* 583. The complainant having amended the prayer of his bill so as more distinctly to ask for partition on equitable terms, the cause again came on for final hearing.

It is very clear that, unless the wasted part of the land in question is assigned in partition to Emson, a great wrong will be done to Polhemus. There is no doubt that equity can prevent the injustice. If, instead of divesting the part of the land assigned to him of its timber, and so depriving it of its value, Hodson had put valuable improvements upon it, the purchaser under the judgment would, in equity, have been entitled to the benefit of those improvements. Polhemus would have had no claim, in equity, to them. If Polhemus had wasted his part of the property, he would have been compelled, in equity, to take it in the partition between him and the purchaser under the judgment. Equity requires that a purchaser of a judgment debtor's interest, as tenant in common of land, should, on the one hand, have the benefit of the equities in favor of the judgment debtor, as between him and his co-tenant; and that, on the other hand, he should take it subject to the equities against the judgment debtor in respect of waste committed by him.

The partition will be made under the direction of this court, and the commissioners will be ordered, in making it, to assign to Emson, for or on account of his share, the part assigned to Hodson in the voluntary partition, at the value thereof when that partition was made.