GEORGE E. DOLE v. THOMAS H. MCGRAW.

[See 63 Mich. 1.]

*Trover and conversion—Measure of damages—Set-off—Lien—Equity.*

1. A defendant in a trover suit cannot set off against the value of the property he has wrongfully converted a debt due him from the plaintiff, to secure which he has a lien on the same property which is only enforcible in equity.

2. In an accounting in chancery, in order that the whole controversy may be settled and adjusted, equity will sometimes per-

mit a judgment, though obtained in an action for a wrong, to be made an item, in favor of the party holding it, in the account to be taken.

Error to Bay. (Green, J.) Argued June 12, 1888. Decided June 22, 1888.

Trover. Plaintiff brings error. Reversed. The facts. are stated in the opinion, and in the case of *McGraw v. Dole*, 63 Mich. 1.

*Tarsney & Weadock*, for appellant.

*Hatch & Cooley* (*Isaac Marston*, of counsel), for defendant.

[See foot-note to opinion for authorities cited.— REPORTER.]

SHERWOOD, C. J. Plaintiff brought trover in the circuit court for the county of Bay to recover the value of a lot of personal property, consisting mostly of lumbermen's camp supplies and equipage, of the alleged value of $20,000. The plea is the general issue. No question arises upon the pleadings.

This matter was before us at the October term, 1886. The case was then in equity, and involved partnership dealings; the defendant having then filed his bill to restrain the prosecution of this suit, and for an accounting. McGraw took the property and converted it, claiming an equitable lien upon it at the time, and this suit was brought by Dole to recover the value thereof. This Court, on the hearing in the chancery case, reversed the decree made at the circuit, which sustained the injunction, and allowed the plaintiff to proceed in this suit to final judgment; and further directed that, after such judgment was obtained, a further accounting should be had, in which the amount found due to Dole as damages

in this suit, if any, should be allowed to him as a credit in his favor upon such accounting, and subject to such further directions and decree as the circuit judge might see fit to make, and to the right of appeal by either party; and allowed the plaintiff herein to recover his costs in that suit upon the appeal.    See *McGraw v. Dole*, 63 Mich. 1 (29 N. W. Rep. 477).

. The facts, as found by the circuit judge, are as follows :

"1. A written contract was entered into between George E. Dole and Thomas H. McGraw & Co., composed of Thomas H. McGraw and Charles Watrous, on the 8th day of May, 1880, a copy of which is hereto attached, marked 'Exhibit A,' and made a part of this finding.[i]

"2. That afterwards, and on the 4th day of April, 1881, Thomas H. McGraw & Co. purchased from William F. Jones and wife, of New York, certain lands, and received a warranty deed therefor, and that the lands so acquired were purchased pursuant to the said agreement made with said Dole.

"3. That a written agreement was entered into between said George E. Dole and said Thomas H. McGraw & Co., upon the 13th day of September, 1880, a copy of which is hereto attached, marked 'Exhibit C,' and made a part of this finding; and that afterwards the said Charles Watrous, one of the said firm of Thomas H. McGraw & Co., assigned and conveyed all his interest in said lands and under said contracts to Thomas H. McGraw, who thereafter became entitled to all the rights and subject to all obligations of said firm thereunder.

"4. That all the money paid to said Jones for lands in said conveyance was paid by said Thomas H. McGraw, and that no part of the same was or has been paid by the said George E. Dole.

"5. That, after said contract had been entered into, said Dole commenced operations thereunder; that he purchased a logging railroad which had been previously operated for some time by one Gordon, about five miles from the lands in question, took, removed, and relaid the same in order to reach the timber upon said lands, and pur-

---

[i] Exhibits A and C will be found in the former opinion, reported in 63 Mich. 4, 5.

chased iron locomotives, teams, and other things necessary to enable him to carry on such logging operations under said contract; all of which were purchased in the name of said McGraw, in accordance with the terms of said contract; and that the moneys paid therefor were advanced by said McGraw, in accordance with the terms of said contract; and that up to and including the 25th day of May, 1881, the said McGraw had advanced to said Dole, in the purchase of said railroad, lumbering outfit, etc., in accordance with such contract, the sum of $38,043.04.

"6. That, up to and including the said 25th day of May, the said Dole had cut and banked 3,625,091 feet of saw-logs from off said lands; that he had cut and skidded 2,250,000 feet; and had cut, but not skidded, 227,130 feet, —which entitled him to a credit therefor, according to the terms of said contract of $15,247.39; that the said Dole was also entitled to a credit arising from a previous contract existing between himself and the said McGraw, referred to in said contract, of $2,207.53,—making a total credit to said Dole of $17,454.92, thus leaving a balance owing McGraw for advances made, as already stated, $20,588,02; and that for the payment of the said balance of $20,588.02 said McGraw had a lien, in accordance with the terms of said contract, upon the said railroad, locomotives, cars, and lumbering outfit, used by said Dole in such work, and that the said property upon which he had such lien is the same property described in the plaintiff's declaration in this cause.

"7. That on the 25th day of May, 1881, said defendant, McGraw, wrongfully took possession of the property described in the plaintiff's declaration, for the purpose of completing the lumbering operations upon said lands, and afterwards, and on the 13th day of October, 1881, after duly advertising the said railroad and property for sale as upon a chattel mortgage foreclosure, sold the same for the sum of $7,039.00 to said Thomas H. McGraw, and afterwards, and on the 14th day of October, 1881, said McGraw sold all the property to Turner & Co. for the sum of $8,229.07.

"8. That the value of said property described in the plaintiff's declaration, on May 25, 1881, and at the time of its conversion and sale by the said Thomas H. McGraw to said Turner & Co., was $8,229.07; and that, at the time said McGraw took possession of said property, May 25, 1881, the said Dole was owing the said McGraw, for

advances under said contract, and for which said McGraw had a lien upon said property as security, the sum of $20,588.02, which indebtedness remained unpaid and owing up to, at, and after the said 14th day of October, 1881.

"From the facts so found, the court finds, as a conclusion of law, that the measure of damages, and the amount for which the plaintiff in this action is entitled to recover, is the value of the property so found as aforesaid, at the time of its conversion, with interest thereon from that date, less the amount of the debt owing by said Dole to said McGraw for such advances, with interest from said 25th day of May, 1881, and for which the said McGraw had security; and that, as the amount of such indebtedness exceeds the value of the property, the said plaintiff is only entitled to recover nominal damages. Judgment will therefore be rendered in favor of the plaintiff for six (6) cents damages, together with costs of suit."

It will be seen that the only question in this case is, what judgment was the plaintiff entitled to under these findings? The plaintiff claims that it should have been for the value of the property taken as found by the circuit judge, while the defendant's counsel claims that the judgment entered is correct.

It is true, as claimed by defendant's counsel, that, in assessing damages in actions of trover, it should be done on equitable principles,[1] and this may be claimed as well in all other actions; but this does not allow the defendant to make the set-off in his favor. This is not the form of action in which such a counter-claim can be considered. The rule stated only applies to claims for which damages may be assessed

In a suit in chancery for the purpose of an accounting, in order that the whole controversy may be settled and adjusted, equity will sometimes permit a judgment,

---

[1] Defendant's counsel cited *Probate Court v. Bates*, 10 Vt. 285; *Pierce v. Benjamin*, 14 Pick. 356; *Wright v. Spencer*, 1 Stew. 576; *Curtis v. Ward*, 20 Conn. 204; 1 Suth. Dam. 240, 241; 3 Id. 528, 533; *Cooper v. Newman*, 45 N. H. 339; *Brink v. Treoff*, 40 Mich. 614, 44 Id. 69.

though obtained in an action for a wrong, to be made an item, in favor of the party holding it, in the account to be taken ; and it was for this very purpose that this Court gave direction, in the other suit, to allow the claim of Dole in this suit to be prosecuted to judgment, that the amount, when judgment was rendered, might be used as an item in his account in the chancery case against the claim of McGraw

Before this could be done, however, such amount could only be ascertained by trial and judgment ; and, the form of the action being trover, only such claims could be litigated therein as the rules governing that form of action would permit.

The position taken by counsel for plaintiff was correct. Judgment should have been taken at the circuit for the full amount he was entitled to recover. This was not done ; and it seems very doubtful, at least, if the findings would give the plaintiff the amount of damages to which he is entitled. Under such circumstances, I think the judgment entered should be reversed, and a new trial granted ; and that upon such trial the plaintiff, if found entitled to prevail, should be allowed the full value of the property converted, without any deductions, and all the damages to which he is entitled for the wrongful acts complained of, and properly recoverable in this form of action.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. LONG, J., did not sit.