# Teague *v.* Martin.

*Bill in Equity for Cancellation of Fraudulent Conveyance, as Cloud on Title.*

1. *Fraudulent conveyance, as cloud on title.*—A purchaser at sheriff's sale under execution, of lands which have been fraudulently conveyed by the judgment debtor, has a plain and adequate remedy at law, and can not, while out of possession, maintain a bill in equity to cancel the conveyance as a cloud on his title.

APPEAL from the Chancery Court of Cleburne.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 29th February, 1888, by L. G. Teague, against C. A. Martin; and sought to cancel, as a cloud on complainant's title to a tract of land, which he had bought at sheriff's sale under execution against one Joseph E. Burns, a conveyance executed by said Burns to the defendant, and which was alleged to be without consideration, and to have been executed with the fraudulent intent of hindering and delaying the creditors of the grantor. The conveyance to the defendant was dated the 3d June, 1886, and the sheriff's deed to the complainant was dated November 11th, 1887. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is here assigned as error.

KELLY & SMITH, for appellant.

SOMERVILLE, J.—In *Smith v. Cockrell*, 66 Ala. 64, it was held that a purchaser of land at a sheriff's sale, under execution against a debtor who has made a fraudulent conveyance of the legal title to his vendee, had a plain and adequate remedy at law by action of ejectment, and, for this reason, he can not, before recovery of possession, file a bill against the purchaser to cancel the fraudulent deed as a cloud on his title. I dissented from the conclusion reached by the majority of the court in that case, and have had no reason to change my opinion as then expressed, in support of which I might add other authorities if I were disposed to re-open the discussion.—*Sands v. Hildreth*, 14 John. Ch. 493; *Hildreth*

*v. Sands*, 2 John. Ch. 36; *Leigh v. Everhart's Ex'r*, 4 T. B. Mon. 379; s. c., 16 Amer. Dec. 160. But *Smith v. Cockrell* has been uniformly and many times followed since it was decided, and the practice is now settled in accordance with that ruling; and for this reason I am now disposed to follow it. *Grigg v. Swindall*, 67 Ala. 187; *Pettus v. Glover*, 68 Ala. 417; *Betts v. Nichols*, 84 Ala. 278.

On the authority of these cases, the bill in this case was properly dismissed, as being without equity.

Affirmed.