[White v. Craft & Co.]

# White *v.* Craft & Co.

### *Action on Common Counts for Goods Sold.*

1. *General objection to evidence.*—Under a general objection to the admission of an account as evidence, no particular ground being specified, the objector can not insist in this court, for the first time, that there was a variance between it and the bill of particulars, or itemized account (Code, § 2670), which had been furnished on demand.

2. *Argumentative charges; charges on part of evidence.*—An argumentative charge, and a charge on a part of the evidence, ignoring other material evidence which qualifies it, are each properly refused.

3. *Estoppel en pais, by institution of suit against another person.*—If plaintiffs would be estopped from enforcing their demand against the defendant, because they had previously placed it in the hands of an attorney for collection as a claim against the estate of a deceased person, and had compromised it with the adminstrator; the effect of these facts as an estoppel is avoided by proof of the further facts, that the claim was preferred against the decedent's estate at the instance of the defendant, that he promised to pay it if the administrator did not, and that the administrator had sued and recovered the money which he paid under the compromise.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Craft & Co., the successors in business to Tousmere & Craft, suing as partners, against Hettie White; and was commenced in a justice's court, on the 27th November, 1887. The cause of action before the justice was described as "am't bill, bal. $98.20;" and the complaint filed in the Circuit Court on appeal, which contained only the common counts, each claimed that sum as due December 1st, 1884. The defendant pleaded the general issue and payment, and issue was joined on these pleas. Before the trial, the defendant demanded an itemized account, or bill of particulars; and one was furnished, called "Exhibit B" in the bill of exceptions, which showed items aggregating $104.05. Of these items, the first was, under date of May 1st, 1884, "mdse. as per pass-book, $43.21;" then followed several items for family provisions and supplies, under date of May 1st, 1884, aggregating $23.08; and the others were for cash paid as follows: Feb. 13, 1886, to Jno. R. Tompkins, $7.98; May 3d, 1887, to G. L. & H. T. Smith, $10; March 18th, year not stated, costs paid to E. Tardy, justice of the peace, before whom this suit was instituted, $5.10,

[White v. Craft & Co.]

The evidence adduced on the trial showed that the defendant was, for many years, the mistress of Capt. W. O'Bannon, and had several children by him; that each of them had a running account at the store of said Tonsmere & Craft; that O'Bannon was last in Mobile on the 1st May, 1884, and that he died near Selma on the 4th May, 1884. John Craft, one of the plaintiffs, testifying as a witness for them, produced an account for $118.28, which was made out against the estate of said O'Bannon, and testified that the items in the account were for goods sold by Tonsmere & Craft to the defendant, at the several dates specified; that he presented the account to the defendant, several months after the death of O'Bannon; that she admitted its correctness, and promised to pay it, "but said that O'Bannon's children had gotten the benefit of the articles, and that his estate ought to pay for them; that she requested him to try to make the money out of O'Bannon's estate, and said that she would pay it if he failed." On this evidence, the plaintiffs offered said account in evidence, and the court admitted it against the objection and exception of the defendant. This account, called "Exhibit A," consisted of items for goods sold, at different dates during the month of March, 1884, aggregating $43.21, and other items under date of May 1st, 1884, aggregating $75.07; and to it was appended an affidavit by F. H. Cox, one of the plaintiffs, that it was a just and correct account against O'Bannon's estate, and that it was unpaid. Indorsed on the account, also, was a memorandum made by J. K. Glennon, the administrator of O'Bannon's estate, stating that the account was presented to him on the 24th September, 1884, that he called the next day at the store of Tonsmere & Craft to make inquiries about it, and found that most of the items charged as of 1st May were in fact bought on the 21st May, after O'Bannon's death. Further testifying, Craft stated that, "shortly after the death of O'Bannon, defendant called at their store, and had the items in said account aggregating $43.21 transferred from her account to O'Bannon's;" that afterwards, in pursuance of his agreement with her, he presented the account to O'Bannon's administrator, through J. R. Tompkins as their attorney, and insisted on its payment; that the administrator paid Tompkins, in compromise and settlement of it, the sum of $79.28, besides $7.98 as his fee, or costs; that afterwards, in the winter of 1887, the administrator brought suit against Tonsmere & Craft to recover back $43.21 of this sum, on the ground that it had been improperly collected from him; that the defendant instructed him to employ Greg. L. Smith to defend the suit, promising to reimburse him for the fee paid; that he did em-

[White v. Craft & Co.]

ploy Mr. Smith, and defended the suit, but the administrator recovered judgment for the $43.21, and they paid the money. This $43.21, and the sums paid Tompkins and Smith respectively, are a part of the amount claimed in this action, and also the costs ($5.10) paid the justice of the peace; but the record does not show what other items went to make up the amount sued for, $98.20.

The plaintiffs also introduced one Carlin, who was bookkeeper for Tonsmere & Craft in 1884, and who testified that, "some time prior to the 1st May, 1884," the defendant came into the store, and into the office where he was at work, accompanied by Tonsmere, and had the articles aggregating $43.21, in the account marked "A," transferred from her account to O'Bannon's, and that he then made the transfer accordingly. The defendant, testifying for herself, denied that she owed the account, or had ever owed it; denied that she bought the goods, or had ever promised to pay for them; denied that she had anything to do with the institution of the suit against O'Bannon's estate, or the defense of the suit brought by O'Bannon's administrator against Tonsmere & Craft; and said that said account "A" was never presented to her until after the termination of that suit against them. She produced her "pass-book" with Tonsmere & Craft, which contained, she said, an entry of everything she bought from them, and showed these items: (1) goods bought during March, 1884, $43.90; "April account, 1884, in aggregate, $16.50;" "credit by cash paid, April 3, $17.19;" balance due, May, $43.21.

This being "substantially all the evidence," the defendant requested the following charges in writing, duly excepting to their refusal: (1.) "If the jury believe from the evidence that the defendant, before the death of O'Bannon, went in person to Mr. Tonsmere, and had the account of $43.21 transferred from her account to O'Bannon's; then, if she now swears that she did not, after O'Bannon's death, order it thus transferred, it is for the jury to say whether she intended to limit her denial of such instructions to the period after the death of said O'Bannon." (2.) "If the jury believe from the evidence that plaintiffs placed their claim of $118 in the hands of J. R. Tompkins for collection, and, either directly, or through said Tompkins, insisted and claimed to O'Bannon's administrator that it was a just and legitimate claim against said estate, and due to them as such; and that they afterwards compromised said claim with said administrator, then they are now estopped, in this suit, from claiming said account from defendant, as due from her."

[White v. Craft & Co.]

Wm. E. Richardson, for appellant.—(1.) "Exhibit A" ought not to have been admitted as evidence, because it was materially variant from and inconsistent with the bill of particulars, or itemized account, marked "Exhibit B." A bill of particulars is intended to prevent surprise, and it should be so specific as to inform the defendant substantially of the plaintiff's cause of action. It becomes a part of the declaration, or complaint, and the plaintiff can neither contradict it, nor give evidence outside of it.—*Babcock v. Thompson*, 3 Pick. 446–9; 9 Peters, 564; 5 Wend. 48, 50; 17 Wend. 20; 8 Gratt. 557; 5 Penn. St. 41; 5 Ark. 198; 7 Blackf. Ind. 462. (2.) The first charge asked asserted a correct proposition, and was not abstract; its refusal was error. (3.) The facts stated in the second charge asked and refused, make out a clear case of estoppel.—*Caldwell v. Smith*, 77 Ala. 165; *Huckabee v. Hill's Adm'r*, 70 Ala. 183; *Jones v. McPhillips*, 82 Ala. 115; *Hooks v. Hubbard*, 102 Mass. 231; *Ogden v. Rowley*, 15 Ind. 56; Herman on Estoppel, § 165.

J. R. Tompkins, *contra*.

CLOPTON, J.—This court has uniformly ruled, that when the party making an objection to the admissibility of evidence does not particularize, and the ground of objection does not appear on the face of the evidence, the court is not bound to search for it, and may disregard it. The objection to the admissibility of the account, upon which the action was founded, was general. The specific objection now urged is a variance between the account and the bill of particulars. In order to ascertain whether this ground of objection existed, the court would have to compare the papers. This the court can not be required to do, without attention being called to the variance.—*Tus. C. C. Oil Co. v. Perry*, 85 Ala. 158; *Carlisle v. Killebrew*, 89 Ala. 329.

A charge requested may be properly refused, which, though it may assert a correct legal proposition on the facts hypothetically stated, ignores other facts which there is evidence tending to prove, and which avoid the legal conclusion of the charge.—*McLemore v. Nuckolls*, 37 Ala. 662. Such is the character of the second charge asked by defendant. It affirms, if plaintiffs placed their claim in the hands of an attorney for collection, and insisted and claimed the account as a just claim due them by the estate of O'Bannon, and compromised it with his administrator, they are estopped from claiming the amount from defendant. It ignores the evidence conducing to show that defendant had certain items transferred from her account

to O'Bannon's account, on her statement that his children got the benefit of them, promising that she would pay the amount, if plaintiffs could not collect it from O'Bannon's estate ; and that after the compromise, O'Bannon's administrator brought suit against plaintiffs, and recovered back the amount of the items so transferred ; and that defendant defended this suit. The legal effect of the facts, upon which defendant, in the charge, predicated an estoppel, was susceptible of being avoided by the other facts.

The first charge asked by defendant is argumentative in its nature.

Affirmed.