# Pollard v. The State.

## *Murder.*

(Decided June 17, 1915.   Rehearing denied July 2, 1915.
69 South. 425.)

1. *Courts; Review; Appellate Court.*—On certiorari the Supreme Court will not review the finding of facts made by the Court of Appeals, but will review questions of law decided by such court on the facts found where substantial justice, and the rights of litigants depend thereon.

2. *Homicide; Self-Defense.*—A charge that if defendant took deceased's pistol from him, either rightfully or wrongfully, deceased had no right to retake it in a manner which involved a breach of the peace, was improperly refused; the proposition of law therein stated being necessarily involved in the issue of self-defense.

3. *Same.*—Such a charge was not abstract, since, whether deceased had a right to do that which he was attempting to do when killed, was material on the issue of self-defense; nor was such charge erroneous as singling out or giving undue prominence to particular parts of the evidence.

4. *Charge of Court; Effect of Evidence.*—While charges which single out a particular fact or theory and request a verdict based on such fact or theory, may be refused without error, yet a charge should not be refused because it states only one- proposition of law, or is upon one theory or fact only, if such charge does not affirm that a given verdict should be rendered thereon, each party having a right to have the court charge the jury correctly as to the law of any theory of the case which the evidence tends to establish.

(Anderson, C. J., McClellan and Somerville, JJ., dissent.)

CERTIORARI to Court of Appeals.

Ben Pollard was convicted of manslaughter and appeals to the Court of Appeals, and his case being there

affirmed, he brings certiorari to review such judgment. Writ granted, and cause reversed and remanded.

See *Pollard v. The State*, 12 Ala. App. 82, 68 South. 494.

EVINS & JACK, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCH-ELL, Assistant Attorney General, for the State.

MAYFIELD, J.—The majority of this court, after a careful examination of this application for certiorari, are of the opinion that the writ should be awarded.

(1) We will not, on application of this kind, review findings of facts made by the Court of Appeals, yet we will and do review questions of law decided by that court, when substantial justice and the right of litigants depend upon such questions. We are of the opinion that the Court of Appeals erred in affirming the judgment of the law and equity court of Hale county.

(2) Charge 17, requested by the defendant, should have been given by the lower court. It stated correctly an undoubted proposition of law, which was applicable on the trial of defendant. The facts stated in the opinion of the Court of Appeals, we think, show that the proposition of law stated in that charge was necessarily involved. For example, it is said in the opinion, in speaking of the defendant's freedom from fault: "If we should limit ourselves in considering this question to a narration of the facts as set out in the bill of exceptions, showing only the immediate difficulty or encounter resulting in the defendant's firing the fatal shot, the force of the argument, as applied to these facts alone, on the proposition of freedom from fault, is most convincing."

Then, after speaking of other difficulties preceding the fatal one, which was in the office of the defendant, where he was by the deceased assaulted with a double-barreled shotgun, the Court of Appeals said: "There was evidence, also, having a tendency to support the theory of the state's contention that when the deceased went into the office of the defendant, at the time the killing occurred, he had as a part of his object in going a purpose to secure or recapture his pistol, that the defendant had taken from him and carried to the office."

This, we hold, made the question of law asserted by this charge applicable and important in this case, on the question of self-defense, which, of course, was an issue. This charge reads as follows: "I charge you that if Pollard took Payne's pistol from him, either rightfully or wrongfully, Payne had no right to retake it in a manner which involved a breach of the peace."

The Court of Appeals held that it was properly refused, and said of it the following: "Pollard, the defendant, and not Payne, the deceased, was on trial, and the rights of Payne with respect to repossessing himself of his pistol were not an issue in the case, involving only the guilt or innocence of the defendant of the crime charged against him. Charge No. 17, requested by the defendant, was therefore abstract, and a requested abstract instruction is properly refused.—*Foreman v. State,* 190 Ala. 22, 67 South. 583. The charge is otherwise objectionable as singling out part of the evidence."

(3) We have shown that the charge was not abstract, by the facts as conceded by the Court of Appeals. The guilt or innocence of the defendant necessarily depended upon the act and conduct of the deceased on the fatal occasion. The acts and conduct of the deceased either justified, or did not justify, the de-

fendant in killing the deceased. Self-defense in homi-
cide cases often, if not always, in some manner depends
upon the acts and conduct of the deceased. Whether
the deceased had the right to do what he was doing, or
attempting to do, on the occasion and at the time de-
fendant shot him, was material and important. The
charge was therefore not abstract.

(4) The charge is not objectionable as singling out
a part of the evidence. It does not attempt to set out
or single out any evidence. It clearly states a proposi-
tion of law and applies it to the facts in this case, which,
as shown by the record, and even by the opinion of the
Court of Appeals, were without dispute.

(5) Charges which single out a particular fact or
theory in the case, and then request a verdict based
alone on such fact or theory, are propery refused; but
a charge should not be refused because it states only
one proposition of law, nor because based on one the-
ory or fact only, if the charge does not affirm that, on
the fact or theory stated, a given verdict should be ren-
dered. Charges which do not request a verdict on the
facts postulated, or attempt to deal with other facts
or theories, are not bad, as singling out particular facts
or theories, and ignoring others.—*Kennedy's Case,* 140
Ala. 1, 37 South. 90. Each party has the undoubted
right to have the court charge the jury correctly the
law as applied to any theory of the case which any
of the evidence tends to establish. A defendant in a
criminal case has been held to have this right, though
his evidence alone tends to establish such theory.—
*Munkers v. State,* 87 Ala. 94, 6 South. 357. A party has
no right, however, to single out his evidence alone, or
any other part thereof, as tending to prove the given
fact or theory touching which he desires special instruc-

tions, as this would tend to have the jury ignore other evidence which might tend to disprove the particular fact or theory to which the requested instruction was directed.

We find no fault in charge 17. It stated correctly the law as to a fact or theory which the evidence tended to establish, and which was vitally important to the defendant in his defense; and its refusal was therefore prejudicial, as well as erroneous.

We do not deem it necessary to treat other questions insisted upon by counsel, as they may not arise on another trial. Certiorari to the Court of Appeals will be awarded; and the judgment of affirmance in that court will be set aside, so that court may render one of reversal, in accordance with what is said in this opinion.

Certiorari granted, judgment reversed, and cause remanded.

MAYFIELD, SAYRE, GARDNER and THOMAS, JJ.,Concur. ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., dissent.