(85 South. 471).

**JONES v. SPEAR. (4 Div. 826.)**

(Supreme Court of Alabama. Feb. 12, 1920.)

**1. Pleading ⬤404—Assignment of one ground of demurrer waiver of others.**

An assignment of one ground of demurrer is a waiver of others.

**2. Execution ⬤258—Irregular continuance of date of sale cannot be collaterally attacked.**

If a continuance of date of sale of land under execution was for some reason irregularly accomplished, and not as provided by Code 1907, § 4109, such was an irregularity merely, which could not be availed of on collateral attack.

**3. Evidence ⬤343(3)—Record of or transcript of record of deed admissible.**

Where plaintiff testified that he had not at time of the trial custody or control of the original deed, the record of, or a transcript of the record of, the deed, was admissible under Code 1907, § 3374, as amended by Acts Sp. Sess. 1909, p. 14.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Ejectment by T. J. Spear against J. T. Jones. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, post, p. 402, 85 South. 472.

E. O. Baldwin, of Andalusia, for appellant.

The counsel discusses assignments of error, but without citation of authority.

A. R. Powell, of Andalusia, for appellee.

Any irregularity should have been availed of by motion to set aside the sale, but cannot be taken advantage of on collateral attack. 81 Ala. 563, 8 South. 215; 68 Ala.

107; 9 Ala. 726. The record was proper. Section 3374, Code 1907; 75 Ala. 342.

SAYRE, J. [1, 2] Ejectment. Plaintiff, appellee, claimed under a sheriff's deed made upon a sale under execution against appellant. Upon the execution which was dated March 8, 1913, was this indorsement, "Continued from April 14 to May 19, 1913," signed by the sheriff. Defendant objected to the introduction of this execution in evidence, on the assigned ground that "the judgment introduced is in favor of A. C. Wilder and J. M. Head as plaintiffs and the execution is in favor of Wilder & Head." An assignment of one ground of demurrer is a waiver of others; but the argument now is that proceedings under the execution violated section 4109 of the Code of 1907, which directs that lands levied on under execution must be sold on Monday with the proviso that the sale may be continued from day to day for designated causes. This is answered by the recital of the sheriff's deed showing a sale on May 19, 1913, which was a Monday; but if there was a continuance of the sale from Monday, April 14th, to Monday, May 19th, and the continuance was for any reason irregularly accomplished, that was an irregularity merely which could not be availed of on collateral attack. Ware v. Bradford, 2 Ala. 676, 36 Am. Dec. 427. This rule has been frequently and consistently followed. Fournier v. Curry, 4 Ala. 321; Foster v. Mabe, 4 Ala. 402, 37 Am. Dec. 749; Love v. Powell, 5 Ala. 58; Hubbert v. McCollum, 6 Ala. 221; Savage v. Forward, 7 Ala. 463; Quinn v. Wiswall, 7 Ala. 645; Henley v. Branch Bank, 16 Ala. 552; Weir v. Clayton, 19 Ala. 132; Pollard v. Cocke, 19 Ala. 188; Brevard v. Jones, 50 Ala. 221; Steele v. Tutwiler, 57 Ala. 113; Cowan v. Sapp, 74 Ala. 44; Clark v. Spencer, 75 Ala. 49; White v. Farley, 81 Ala. 563, 8 South. 215; O'Bryan v. Davis, 103 Ala. 429, 15 South. 860; Slater v. Alston, 103 Ala. 605, 15 South. 944, 49 Am. St. Rep. 55.

[3] Defendant also complains of the action of the trial court in allowing the introduction of the record of the deed from J. M. Head, who purchased at the sheriff's sale, supra, to H. C. Shreve, who stood in the line of transmission to plaintiff. The objection was that plaintiff had not shown an effort to find the deed, and that a certified copy would be the best evidence. Plaintiff testified that he had not at the time custody or control of the original deed. In these circumstances a transcript of the record was admissible (section 3374 of the Code as amended, Acts Sp. Sess. 1909, p. 14), and so was the record itself. Huckabee v. Shepherd, 75 Ala. 342.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.