(121 So. 706)

## SULZBACHER et al. v. CAMPBELL.
### (7 Div. 866.)

Supreme Court of Alabama.   April 11, 1929.

Hugh Reed, of Center, for appellants.

F. M. Savage, of Center, and Motley & Motley, of Gadsden, for appellee.

GARDNER, J.   Statutory action of ejectment by appellants against appellee for recovery of a storehouse and lot situated in

192

Center, Ala., more particularly described in the complaint. The appeal is from a verdict and judgment in favor of defendant.

Both parties to the cause claim title through a common source, one W. H. Cather. Plaintiffs are judgment creditors of said Cather, having recovered judgment in the Cherokee circuit court on July 29, 1926, a certificate of which was duly recorded in the probate office of that county on August 26, 1926.

■ The suit, upon which the judgment was based was begun on January 1, 1926, and sought recovery for a sum "due by account of December 15, 1925." At the execution sale plaintiffs were the purchasers of the property here sued for; deed being duly executed to them on December 12, 1927. Defendant claims title through a deed executed to him on April 21, 1926, by said W. H. Cather to the property sold, but not recorded until December 21, 1926. Plaintiffs insist, therefore, that, although defendant's deed antedated their judgment, yet a failure to duly record the same rendered it void as to them under section 6887, Code of 1923. The burden of proof was therefore upon defendant to "show actual notice to plaintiffs at the time of, or prior to, obtaining their judgment." Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101.

■ "From the earliest decisions of this Court construing unrecorded conveyances void as to 'purchasers without notice,' etc., it has been held that actual notice is equivalent to the constructive notice afforded by the registration of the conveyance. The whole object and design of the statute is said to be to give notice of the existence of the conveyance. * * * It has likewise been repeatedly held that, where one is in possession of the premises, the purchaser of such premises is charged with an implied notice of the nature of his title. * * * It is equally well settled law in this State that whatever is sufficient to put a party on inquiry is enough to charge him with notice. Means of knowledge may be equivalent to knowledge." Alexander v. Fountain, 195 Ala. 3, 70 So. 669. "The actual open possession of lands is sufficient to put others on inquiry and constitutes notice of claim of title in the holder." Wiggins v. Stewart Bros., supra; Wells v. American Mortgage Co., 109 Ala. 430, 20 So. 136.

The facts adduced on the trial were largely directed to the issue of possession on defendant's part and its sufficiency to give notice within the meaning of the above-noted authorities.

The evidence for defendant tended to show a change of possession from W. H. Cather to himself immediately upon the sale of the property to him. Cather had moved from Center, and defendant's evidence tended to show a use of the property by himself for storage purposes, and complete dominion over the same. Though he did not occupy the store for conducting a business therein until the first of the year 1927, there is evidence he was at the store "every day practically" and was in open and continuous use of the premises as above indicated.

Plaintiffs offered evidence to the contrary, but a detailed review of the testimony upon this question of fact would serve no useful purpose. Suffice it to say the evidence was such as to make the issue one for the jury's determination, and the affirmative charge requested by plaintiffs was properly refused.

The portions of the oral charge to which exceptions were reserved, when read in connection with the entire charge, were in accord with the authorities above noted, and were free from error.

■ Very clearly, the fact that plaintiffs resided in another state is without influence upon the above-noted rules of law governing the law of notice by open and notorious possession, as disclosed by the above-noted authorities. We may add also in this connection that the trial court specifically instructed the jury that upon this question of notice the burden of proof was on the defendant.

■■ Nor do we find error in the refusal of charges requested by defendant. Some of these charges assume defendant must show actual notice of the deed (refused charges 2 and 7) and ignore any notice imputed to plaintiffs by reason of open and notorious possession on defendant's part. Others are objectionable as placing stress upon some particular part of the testimony without reference to the whole. Pollard v. State, 193 Ala. 32, 69 So. 425; White v. Craft & Co., 91 Ala. 139, 8 So. 420; Stone v. State, 105 Ala. 60, 17 So. 114.

■ At the time of defendant's purchase, plaintiffs were creditors of Cather with suit pending against him. While there was no direct attack made by plaintiffs' proof upon the good faith of defendant's purchase, yet, under the circumstances, the bona fides of the transaction was embraced within the scope of the general issue and subject to inquiry in this ejectment suit. Smith's Ex'r v. Cockrell, 66 Ala. 64; Teague v. Martin, 87 Ala. 500, 6 So. 362, 13 Am. St. Rep. 63; Goodbar v. Daniel, 88 Ala. 583, 7 So. 254, 16 Am. St. Rep. 76; Wilson v. Miller, 143 Ala. 264, 39 So. 178, 111 Am. St. Rep. 42, 5 Ann. Cas. 724.

There was no error in permitting defendant to show the amount paid for the property, and the manner of its payment, including the fact that a large portion of the purchase money paid off a mortgage on the property held by a third party.

Upon the same reasoning, there was no reversible error in permitting defendant to show that some few weeks prior to his purchase there had appeared in the local paper a public advertisement for the sale of the property by the owner, Cather.

■ Nor do we see any injury to plaintiffs by the introduction of the record of such

mortgage; the original being out of defendant's possession. Jones v. Spear, 204 Ala. 110, 85 So. 471.

We have previously stated that, upon the matter of notice by open and notorious possession, a jury question was presented, and we may add that upon due consideration of the testimony we do not entertain the view that the action of the court in denying a motion for a new trial upon the ground the verdict was contrary to the great weight of the evidence should be here disturbed. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

We have here considered the assignments which are most earnestly argued by counsel for appellants. The few remaining assignments have been duly examined by the court in consultation, and we find in them nothing calling for separate treatment here. They clearly contain no reversible error.

No reversible error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.