F. B. CAMERON v. AMELIA ROMELE.

*(Case No. 4082.)*

1. CONSTRUCTIVE NOTICE — SECRET TRUST. — Though as a general rule, possession of real estate is constructive notice of the title of the possessor, yet the bare fact of continued possession of land by a vendor, for a time less than would be reasonably necessary to remove from the place after the execution and record of his deed, will not charge a subsequent purchaser from his vendee with notice of a secret trust, whereby an absolute deed of the vendor would be rendered inoperative.

2. FRAUDULENT CONVEYANCE. — The authority of courts will not be exercised to cancel a deed on the application of the vendor, when it is made for the purpose of evading the payment of just debts; and it would seem that the same rule should apply when the conveyance was made with

that motive, though under a mistake as to the liability of the vendor for the debt, caused by the fraudulent representations of the vendee.

3. CONSTRUCTIVE NOTICE — POSSESSION — TITLE. — When both the vendor and vendee are in possession of land, so far as third parties may be affected, the law regards the possession as being with him who has title.

4. CONSTRUCTIVE NOTICE. — The fact that a vendee is in indigent circumstances when a deed is made to him, will not charge a subsequent purchaser from him with notice of a secret trust upon which the deed was made, in the absence of other facts casting suspicion on the title.

5. PROMISSORY NOTE — PAYMENT. — The giving of a promissory note, payable to bearer, is as effectual as the payment of the same amount in cash, to prove a purchase for value.

APPEAL from Collin. Tried below before the Hon. Joseph Bledsoe.

Suit in trespass to try title, brought by the appellant, F. B. Cameron, against appellee, Amelia Romele, on the 17th day of April, A. D. 1878. Appellee filed a general demurrer, the plea of not guilty and a general denial, and pleaded specially that on or about the 12th day of December, A. D. 1877, she was the legal and equitable owner of the land in controversy, and that at that time one Charles Maher, who was appellant's vendor, by false and fraudulent representations induced her to convey to him, Maher, the land without consideration, all of which was known to appellant; and prayed that the deed from herself to Maher be canceled, and that she be quieted in her title and possession, etc.

To this answer appellant filed his first supplemental petition, neither denying nor confessing, and avoiding the allegations in said answer.

Appellee in her answer alleged, in addition to the false and fraudulent representations of Charles Maher, by which he procured the deed to himself, that he claimed to be her friend, and the making of the deed to him was to protect her; that he would hold the deed without record until the two men, whom he represented were in McKinney for the purpose of obtaining judgment against her and sell her homestead, should leave, and that he would then reconvey to her the land; that he had

counseled with the best lawyers in McKinney, and they had told him that under the constitution and laws she was only entitled to two hundred dollars as a homestead, or in lieu thereof; that he, Maher, represented that he had read the law and knew it to be a fact, and if she could read English he would show her he was telling the truth; that she was a woman of German birth and education; could not read English; was unacquainted with the laws of the state, and relied upon the representations of Maher. Other facts will be found in the opinion.

Judgment, a jury being waived, for appellee Romele.

*Richard Maltbie* for appellant.

I. The first proposition under the second assignment is, that a person who obtains an absolute deed to land from the owner through fraud may convey a perfect title to said land to a third party who purchases the same on the faith of said deed, and pays the purchase money without notice or knowledge of such fraud. Fowler *v.* Stonum, 11 Tex., 501–503; 1 Story's Eq. Juris., secs. 409, 436.

II. The fact that a person who has obtained a deed to land from the owner is known to be without means, would not put a person desiring to buy the land upon notice that such deed was procured by fraud. Alston's Ex'rs *v.* Cundiff and wife, Texas Law Journal, Feb. 25, p. 388; 3 Washburn on Real Property, p. 284; Van Keuren *v.* Central R. R. Co., 38 N. J., 165; Abbott U. S. Digest, New Series, vol. 7, p. 894, sec. 109.

III. A person who purchases and pays for land from another, and obtains a deed to the same, and his immediate vendor has an absolute deed to the land duly acknowledged and recorded from the owner, the purchaser obtains a good title to the land, notwithstanding a secret trust may exist contrary to the terms of the deed of record between the parties to it; provided such purchase is made and money paid without any notice or knowledge of such secret trust.

IV. When the owner of land conveys it absolutely by deed

duly acknowledged and which is duly recorded, and remains in possession of the land, such possession is not constructive notice to a purchaser of the land under said deed, of any infirmity in the title which he purchases.

*Throckmorton, Brown & Bro.* for appellee.

I. Actual possession or occupation is equivalent to the registry of a deed, and constructive notice to third parties who purchase, of the nature and character of such possession, and puts them upon inquiries. Watkins v. Edwards, 23 Tex., 448; Mulins v. Wimberly, 50 Tex., 457.

II. The possession of the tenant or agent is the possession of the landlord or principal, and third persons are charged with notice of the tenure by which they hold.

III. Anything that will put a party upon inquiry amounts in judgment of law to notice. Wethered v. Boon, 17 T. 150.

IV. An innocent purchaser is one who is a purchaser in good faith, for a valuable consideration paid, without notice, either actual or constructive, of a superior legal or equitable title. Wethered v. Boon, 17 Tex., 146.

MOORE, CHIEF JUSTICE.— It is admitted by the parties, and found as a fact by the court below, that appellee, Amelia Romele, was the owner and in actual possession of the land in controversy on the 12th day of December, 1877, when the deed to Charles Maher, appellant's vendor, was executed. This deed, which is in the usual form of a general warranty deed, purports to have been made in consideration of eight hundred dollars, paid at the time of its execution, was duly acknowledged and recorded on the day of its date. There is nothing on the face of it from which it can be inferred that it was executed upon trust, or that the title which it purports to convey was not absolutely and unconditionally vested in the grantee.

On the day after the execution and record of this deed, Maher sold and conveyed the land by like deed to appellant in

16

consideration of the payment to him of five hundred dollars cash, and appellant's note for a like amount, payable to himself or bearer, which was the full value of the property.

The evidence clearly established, and the court below found, that the deed from the appellee was procured by false and fraudulent representations of the basest character, made to her by Maher for the purpose of cheating and swindling appellee out of her house. But as appellee by her voluntary deed vested the legal title in Maher, if appellant purchased *bona fide* for full value without actual or constructive notice of the intent or purpose upon which the deed was executed, he is not affected thereby.

Admitting that the stipulations and conditions upon which the deed was executed could have been enforced against Maher and purchasers from him with notice, there is certainly nothing in the record to show that appellant had actual notice of the secret trust upon which Maher agreed to hold the deed, or that the purpose and intent of its execution was not what upon its face it purported to be. Was there, then, anything shown which fairly tends to charge him with such notice, or to put him on inquiry, by which, if proper diligence had been used, appellant, it must be presumed, would have learned such facts as would effect him with notice?

By the deed from appellee to Maher, and that from Maher to appellant, the legal title to the land passed to and vested in appellant. The burthen of proof to rebut and overcome appellant's apparently perfect title was upon appellee. This, it is insisted, she has sustained by showing: *First.* That she was in possession of the land when appellant purchased. *Second.* That it was commonly known in the town of McKinney, in which the land is situated, and where Maher lived, that he was in indigent circumstances and had no means. *Third.* That the land was not fully paid for by appellant.

It has more than once been held by this court, and must now be regarded settled law, that, as a general rule, possession of real estate is constructive notice of the title of the possessor.

Watkins *v.* Edwards, 23 Tex., 443; Mullins *v.* Wimberly, 50 Tex., 457. But it is not to be inferred from these, or any other decisions of the court, that the bare fact of a continued possession of land for a time less than can reasonably be supposed for the vendor to remove from the premises, after the execution and record of deed, will charge a subsequent purchaser with a secret trust, whereby the deed, which was an apparent divestiture of the title of the vendor, was in fact inoperative, and, as between themselves, of no effect whatever. Such a construction would be a virtual repeal of the registration laws, as well as the statute concerning fraudulent conveyances.

It may, we think, be well questioned .whether the alleged trust upon which this deed was executed is not of a character which the policy of the law forbids the courts to enforce. The purpose of the execution of the deed by appellee was to protect the property from liability for a debt which, through the fraudulent misrepresentations of Maher, she was induced to believe other parties were seeking to hold her liable. If the facts were as she supposed when she made the deed, however fraudulent may have been the conduct of the vendee, the court could give her no relief. But her motive in executing the deed is precisely the same, whether she acted upon her knowledge of the facts, or upon a mistaken belief in regard to them, growing out of the fraudulent representations of her vendee. But waiving this point, and considering that notwithstanding appellee's fraudulent intent, as there were, it seems, no creditors to be defrauded by the deed, and certainly none having any claim upon this particular property, the fact that appellee had not vacated the premises on the day after the execution and record of her deed, did not, in our opinion, charge appellant with notice of the secret agreement between appellee and Maher, that said deed should operate as a mere simulated conveyance. From the very nature of the agreement it must be presumed that what the parties did was not intended to be made known to the public, and that inquiry as to the nature

of appellee's possession after her execution of the deed would not have led to a knowledge of the intent and purpose of the parties in executing the deed. By the execution of the deed upon this alleged secret trust, appellee voluntarily put it in the power of her apparent vendee, and assisted him to mislead appellant.

But it cannot properly be said the appellant was chargeable with notice that appellee was in possession of the premises when he bought of Maher. Both appellee and Maher were in actual occupancy of them. In such case the law as regards third parties imputes possession to be with the title. This was on the record, and as far as it was intended should be known by the public, in Maher. At most, the possession of appellee was ambiguous and equivocal, and cannot be held to be sufficient to charge a party paying full value for the property, with knowledge that the deed to Maher was without consideration and a mere cover of the property, as appellee supposed from liability for a debt, with which it was about being attempted to charge it.

Nor do we think the bare fact that Maher was generally known to be without means and in indigent circumstances, sufficient to put a purchaser upon notice of the trust upon which he took the deed. Or that the sale of the land by him was in fraud of the rights of his vendor. If there were facts casting suspicion on his title, or the *bona fides* of his conduct in selling the land on the day after its apparent purchase, his pecuniary condition might be a fact of much moment. But standing alone, it certainly cannot warrant the conclusion sought to be drawn from it.

Although it has been held otherwise by many courts, it is now well settled, at least by the weight of more recent decisions, that the giving of a promissory note payable to bearer is as effectual as the payment of the same amount in cash to prove a purchaser for value.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 20, 1880.]