J. J. WILLIAMS v. THE G., C. & ST. FE R. R. CO.

(No. 2568, R. Book No. 4, p. 309.)

APPEAL from Tarrant County.  Opinion by HURT, J.

**§ 312.** *Damages against railroad company for obstructing public street and preventing free ingress and egress to adjacent lot; charge of the court.* Where the court charged the jury, "If, from the evidence, you believe that the

131

plaintiff was the owner and in possession of said lot, and that the same abutted upon a public street in the city of Fort Worth, and that the defendant, without the consent of the plaintiff, constructed its said road along such street in such a manner as to prevent its use as a street, and that plaintiff was thereby deprived of access to his said property, you should find for the plaintiff such an amount as the proof shows he has been damaged, if any, estimating such damages at the difference in its value with the said means of ingress and egress and its value without the same. You are further instructed that, if you believe, from the evidence, that the plaintiff was the owner and in possession of said lot, and that the defendant, without his consent, entered upon said lot and placed thereon any dirt, rock or embankment, then you should find for the plaintiff such an amount as the proof shows the plaintiff to have been damaged, if any. If you find, from the evidence, that no rock or dirt was placed by defendant on said lot, and that the use of said street by defendant does not deprive plaintiff of the means of ingress and egress to and from his said premises, then you should find for the defendant,"— *held*, that this charge was, no doubt, inspired by the opinion of the supreme court in H. & T. C. R. R. Co. v. Odum, 53 Tex. 243, which decision was made with reference to the constitution of 1869, which provided that no person's property should be taken or applied to the public use without just compensation made. [Const. 1869, Bill of Rights, sec. 14.]

Our bill of rights, section 17 of the present constitution, provides that "no person's property shall be taken, damaged or destroyed for, or applied to public use, without adequate compensation being made." The word "*damaged*" very much enlarges the protection to property. It includes not only property actually taken for public use, but also that which has been damaged by such use, although not taken. [G. C. & St. Fe R. R. Co. v. Graves (Ct. App.), *post*, p. 301; citing Johnson v. City of

Parkersburg, 16 W. Va. 402; Pekin v. Brereton, 67 Ill. 377; City of Shawneetown v. Mason, 82 Ill. 337; City of Elgin v. Eaton, 83 Ill. 535.]

§ **313.** *Damages; not limited to entire destruction of the easement.* A charge which limits or restricts plaintiff's right of recovery to the entire destruction of his easement in the street upon which his lot abutted is erroneous. See the whole subject, ably and elaborately discussed, in The New York Elevated Street Railway cases, decided since the decision of this court in the Graves case, *supra*.

April 25, 1883.          Reversed and remanded.