## Gewin, *et al. v.* Shields.

*Bill to Declare a Deed a Mortgage and to Cancel.*

(Decided May 12, 1914. Rehearing denied July 2, 1914. 65 South. 769.)

*Vendor and Purchaser; Bona Fide Purchaser; Notice.*—Notwithstanding the provisions of section 3364, Code 1907, the possession by a grantor after the execution of a deed, absolute in form, but in fact, a mortgage, is notice to a purchaser from the grantee of any equities in the grantor.

(Anderson, C. J., and Mayfield, J., dissent.)

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by G. W. Shields against W. C. Gewin and another, to declare a deed a mortgage and to cancel same

[Gewin, et al. v. Shields.]

as a cloud on title. From a decree granting relief to complainant, respondents appeal. Affirmed.

The case made by the bill, briefly stated, is: That orator is the owner of certain lands situated in Jefferson county, and that in August, 1908, he procured said Fortenberry to pay certain money that he owed, and to make certain improvements on his house, and to secure Fortenberry he and his wife executed and delivered a deed to Fortenberry to the lands described, which was agreed between the parties to operate as a mortgage. It is further alleged that Fortenberry failed and declined to pay the money agreed to be paid to orator's, creditors, and failed and refused to make any improvement, and that within 30 days after executing the deed orator demanded its return, and was informed by Fortenberry that, as he found out he could not carry out his part of the contract, he had destroyed said deed. It is averred that the deed was not destroyed, but placed upon record, and that in November, 1908, Fortenberry executed to Gewin a mortgage on said property to secure a loan of $500, and that same was foreclosed on September 1, 1909, and brought in by Gewin. The bill further alleges orator's inability to read or write, and the fact that during all the time of these transactions orator remained in possession of the premises using and enjoying them as he always had.

FRANCIS M. LOWE and NESBITT HAMBAUGH, for appellant. Under § 3364, Code 1907, the instant the deed is delivered the grantor's possession becomes that of the grantee, and if thereafter the grantor remains in the possession, he is regarded presumptively as holding as a tenant at sufferance.—*Yancey v. S. & W. R. R. Co.,* 101 Ala. 234; *Ivey v. Beddingfield,* 107 Ala. 616; *Daniels v. Williams,* 58 South. 421; *Black Warrior C.*

*Co. v. West,* 170 Ala. 363. To constitute constructive notice to a purchaser, the possession of real estate must be open, notorious and exclusive.—*O'Neal v. Prestwood,* 153 Ala. 443; *Rankin M. Co. v. Bishop,* 137 Ala. 271; § 2830, Code 1907; *Kilpatrick v. Trotter,* 64 South. 589; 13 L. R. A. (N. S.) 69; 44 L. R. A. (N. S.) 314; Devlin on Deeds, §§ 763, 769, 777. The grantor was estoppéd from disputing the operation and effect of the deed.— *Stewart v. Stewart,* 54 South. 604; *Mohr v. Griffin,* 137 Ala. 467; 16 Cyc. 686.

CHARLES J. DOUGHERTY, for appellee. The facts were sufficient to show that the deed was in fact a mortgage. —*Irwin v. Coleman,* 55 Ala. 492; *Nelson v. Wadsworth,* 55 Ala. 120; *Rose v. Grady,* 137 Ala. 329. This may be shown by parol evidence.—*Glass v. Hieronymous,* 125 Ala. 140. Having remained in possession, this was notice to all the world of whatever rights the vendor had in the land.—*Hodges v. Winston,* 94 Ala 576; *Shiff v. Andress,* 147 Ala. 690; 131 N. W. 486; 107 N. W. 744. Anything that will put a purchaser on notice which if followed up will lead to discovery of equity or a defect is equivalent to actual notice.—*Hodges v. Coleman,* 76 Ala. 103; *Spencer v. M. & M. Ry Co.,* 79 Ala. 576.

ANDERSON, C. J.—That Shields and his wife executed and delivered the deed to Fortenberry there can be little doubt; but the evidence is most convincing that it was the understanding and agreement that the said instrument was to operate as a mere security, and not as an absolute conveyance, and we think that the chancery court properly declared the instrument to be a mortgage and not a deed.

The most serious question in this case is whether or not Dr. Gewin, who loaned Fortenberry $500 and took

a mortgage on the land to secure the same, was a bona fide purchaser. At the time that the loan was made, which was for a present cash consideration, Fortenberry had an unconditional deed to the land from Shields and his wife, which said deed was recorded, and the registration record showed that said Fortenberry owned the land. If this was all, there could be no question as to Gewin's being a bona fide purchaser and entitled to protection as such, as against any infirmities in the conveyance which rendered it voidable and not void; but the appellee, Shields, contends that he remained in possession of the land after the deed was made, and was in possession when Gewin took the mortgage from Fortenberry, and that this fact was sufficient to put said Gewin upon inquiry as to the infirmity of said deed. The authorities are not harmonious on this proposition; some hold that where a grantor remains in possession, one purchasing from the grantee is chargeable with notice of all claims of such grantor. Others hold to the contrary.—48 Century Digest, § 552, and cases there cited pro and con. In this state, our statute (section 3364 of the Code of 1907) dispenses with the ancient ceremony as to livery of seisin, and declares:

"The property and possession of the grantor passes fully by his conveyance as if seisin had been formally delivered."

This means that from the instant the deed is delivered the grantor's possession becomes that of the grantee.

"And if thereafter the grantor remains in possession, he is presumptively but a tenant at the sufferance of the grantee. He will be regarded as holding the premises in subserviency to his grantee, and nothing short of an explicit disclaimer of such a relation, and a notorious assertion of right in himself, will be sufficient to change

[Gewin, et al. v. Shields.]

the character of his possession and render it adverse to the grantee."—*Yancey v. S. & W. R. R.,* 101 Ala. 234, 13 South. 311; *Ivey v. Beddingfield,* 107 Ala. 616, 18 South. 139; *Daniel v. Williams,* 58 South. 421; *Black Warrior Co. v. West,* 170 Ala. 353, 54 South. 200.

On the other hand, the case of *Shiff & Son v. Andress,* 147 Ala. 690, a memorandum decision, but which is reported in full in 40 South. 825, holds that the fact that the vendor remained in possession was notice to a purchaser from the vendee of any equities or claims that he had notwithstanding the execution of the deed. The majority favor following this case, and think that it can be differentiated from the authorities supra, as they deal only with the question of adverse possession between the vendor and vendee, and do not deal with a purchaser from the vendee while the original vendor is in possession. The writer realizes that the said *Shiff Case, supra,* can be differentiated as to the facts, but thinks that it is opposed to the legal principle declared in the Alabama cases, supra, and thinks that it is unsound and should be overruled.

The decree of the chancery court is affirmed.

Affirmed.

McClellan, Sayre, Somerville, de Graffenried, and Gardner, JJ., concur. Anderson, C. J., and Mayfield, J., dissent.