(80 .South. 868)

EVANS v. BRYAN et al. (4 Div. 749.)

(Supreme Court of Alabama. Feb. 6, 1919.)

1. VENDOR AND PURCHASER ⊚═232(1)—OCCUPATION BY ANOTHER — BONA FIDE PURCHASER.

The possession of land is notice to all the world of the right or title of the occupant, and vendor's· want of possession is a fact which must excite inquiry, especially when his title entitles him to immediate possession.

2. VENDOR AND PURCHASER ⊚═232(5, 6)—NOTICE—POSSESSION BY VENDOR'S GRANTOR.

The principle of notice from an outstanding possession in a third person is generally applied to the continued possession of the grantor of him from whom the noticee has purchased.

**3. VENDOR AND PURCHASER ⬅⟶232(5, 6)—POSSESSION BY VENDOR'S GRANTOR—RESCISSION OF CONTRACT—NOTICE.**

Where a purchaser took a deed from vendor on the same day that vendor received a deed from plaintiff, purchaser was not put upon inquiry as to plaintiff's equitable right to rescission of exchange by the fact that plaintiff had not then removed from the premises.

**4. VENDOR AND PURCHASER ⬅⟶232(5, 6)—POSSESSION OF BY THIRD PARTY—NOTICE—RESULT OF INQUIRY.**

Where plaintiff, seeking rescission of an exchange of lands, was not aware of any mistake or that she was equitably entitled to a rescission at the time her purchaser sold the land to a subsequent purchaser, her possession of the land was not notice to the subsequent purchaser who could not have then learned of her rights upon inquiry.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by Ruth Evans against A. J. Bryan, Jr., and E. Patterson to rescind land transaction and put the parties in statu quo. From a decree declining to grant the relief prayed as against the respondent Patterson, complainant appeals. Affirmed.

Complainant exchanged her homestead property, then occupied by her, for land owned by A. J. Bryan, and a small money consideration. This agreement was executed by the delivery of their mutual deeds and the payment of the additional purchase money on October 25, 1915. On the same day, and within a few hours after complainant had delivered her warranty deed to Bryan, he sold the land therein conveyed to E. Patterson. The ground for rescission as charged in the bill is that the deed executed to complainant by Bryan did not convey to her the land which she understood that she was bargaining for. The evidence showed that complainant did not discover defect that the deed from Bryan conveyed to her the wrong land until three or four days after delivery to her, and there is nothing to show that the respondent Patterson had any knowledge of this mistake other than such notice as might be imputed from the continued possession of her place by complainant on the day of the exchange after she had delivered her deed to Bryan. On the evidence submitted the trial court found that complainant was entitled to relief as against her vendee, Bryan, was not as against his vendee, Patterson, and entered a decree accordingly.

W. O. Mulkey, of Geneva, for appellant.

J. Morgan Prestwood, of Andalusia, for appellees.

SOMERVILLE, J. The decisive question presented by this appeal is whether or not complainant's continued occupation of the property conveyed by her to A. J. Bryan, Jr., on October 25, 1915, was notice to the respondent Patterson, when he purchased the property from her grantee a few hours later, of complainant's equitable right to have a rescission of her conveyance and a restoration of her property; in short, whether Patterson was a purchaser in good faith, or a purchaser with notice of an equity, and subject to its enforcement.

[1] It is a principle of universal recognition that the possession of land is notice to all the world of the right or title of the occupant.

"Neither a purchaser, nor a creditor can affirm that, with just confidence, he acquired title to, or a lien upon, lands of which his debtor or vendor had not possession. The want of possession is a fact which must excite inquiry, especially when the title he claims entitles him to immediate possession." Tutwiler v. Montgomery, 73 Ala. 263.

[2] This principle of notice from an outstanding possession in a third person is generally applied to the continued possession of the grantor of him from whom the noticee has purchased. Burns v. Taylor, 23 Ala. 255, 272; Shiff v. Andress, 147 Ala. 690, 40 South. 825;[1] Gewin v. Shields, 187 Ala. 153, 65 South. 769; Crooks v. Jenkins, 124 Iowa, 317, 100 N. W. 82, 104 Am. St. Rep. 326, note, 345. Our own cases have merely stated and applied the general rule, and have not considered the question with reference to the duration of the first grantor's possession.

[3] As shown by Judge Freeman's note to Crooks v. Jenkins, supra, a number of authorities seem to hold that, without qualification as to its duration, any continuation of such possession is sufficient to excite inquiry by a subpurchaser, and so to give notice of any right, legal or equitable, remaining in such grantor.

But by the weight of authority it is held that such grantor's continued possession for a short time only may be referred to the sufferance of the purchaser, and furnishes no cause for inquiry on the part of a subpurchaser who relies upon the original grantor's deed conveying a perfect fee-simple title on its face, without equitable reservation or impediment. 104 Am. St. Rep. 346, where the authorities are collected; 39 Cyc. 1753(2).

In the note above referred to Judge Freeman says:

"If the possession of the grantor, after making a conveyance, is long continued, it may be more reasonable to refer it to his right to occupancy rather than to the sufferance of the grantee. Possession, therefore, for an unreasonable period after a conveyance may well

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 147 Ala. 690.

be sufficient to put persons upon inquiry as to the occupant's rights."

In Cameron v. Romelo, 53 Tex. 238, it was held that a grantor's possession after his conveyance would not be notice of a secret equity in him, unless continued beyond a period of time which would be reasonably necessary for his removal from the place. This principle is also well illustrated in Turman v. Bell, 54 Ark. 273, 15 S. W. 886, 26 Am. St. Rep. 35, 41.

We think this qualification of the general rule is well grounded in reason, and is per-fectly consistent with the theory of the rule itself. Nor do we find that any of our decisions are inconsistent with its recognition in proper cases.

Without undertaking to define the duration of an occupation that would not be a warning to subpurchasers, which may obviously vary according to circumstances, we are clear in the conclusion that, when Patterson purchased from Bryan in full view of complainant's perfect deed to him, he was not put upon inquiry as to her equitable right to rescission by the mere fact that at that time—within a few hours after she had delivered her deed to Bryan—she had not yet moved from the premises. Certainly that brief period of delay was not inconsistent with the unfettered operation of her deed, and would not suggest to Patterson that she was retaining the possession because of the reservation or existence of a right to impeach and rescind it.

[4] The testimony shows that when Patterson bought this land from Bryan, on the very day of Bryan's purchase from complainant, complainant was not aware of any mistake in her transaction with Bryan, did not know she was equitably entitled to a rescission, and hence was not holding possession under that claim, but merely by the sufferance of Bryan. Under these circumstances it must be presumed that inquiry by Patterson would not have informed him of any claim by complainant in derogation of her deed which she had but just delivered to Bryan. Such an occupation, without either assertion or knowledge of any hostile claim by complainant, is not the possession which is in law equivalent to notice of an interest hostile to the title conveyed to her grantee. Certainly it would be illogical to say that the purchaser was charged with notice of a claim the existence of which complainant herself did not even suspect. The precise question does not seem to have been considered by this court in previous cases.

· In Hodges v. Winston, 94 Ala. 576, 580, 10 South. 535, 537, it was held that "possession is notice to a subsequent purchaser only of the right or title in or by which the possession is held"; and this qualification of the rule was reaffirmed in Sloss-S. S. & I. Co. v.

Taff, 178 Ala. 382, 390, 59 South. 658. This necessarily imports the conscious assertion, or at least some knowledge, by the occupant, of his claim, if any exists. And, if there be no such assertion nor knowledge, it is difficult to see how there could be any notice to an intending purchaser.

Indeed, the basis for the rule of notice is the availability of the information by inquiry made of the occupant; and possession is notice only because inquiry of the occupant would naturally discover the facts pointing to a hostile claim. Tutwiler v. Montgomery, 73 Ala. 263, 269; Gamble v. B. W. Coal Co., 172 Ala. 669, 673, 55 South. 190.

The decree of the trial court in favor of Patterson was based upon these considerations, and we think the decree ought to be affirmed.

Affirmed.

All the Justices concur.