49 So.2d 157

**GILMORE et al. v. SEXTON et al.**

**6 Div. 890.**

Supreme Court of Alabama.

Nov. 9, 1950.

Rehearing Denied Dec. 14, 1950.

Huey, Welch & Stone, of Bessemer, for appellants.

Harwood & Parsons, of Fairfield, for appellees.

LIVINGSTON, Justice.

This suit was instituted in the Circuit Court, in Equity, of Jefferson County (Bes-

semer Division), Alabama, to reform a deed or, in the alternative, to quiet title to certain described lands located in Jefferson County. The deed, the reformation of which is sought, was executed and delivered by Mrs. M. E. Perolio to her son, Andrew J. Perolio, on October 14, 1935. Andrew J. Perolio died testate in 1945, leaving the lands involved to his widow, Willie R. Perolio, and she in turn conveyed the lands to H. F. Gilmore, Mae P. Gilmore, H. G. Morton and Verla H. Morton by deeds dated October 13 and October 16, 1947.

On June 26, 1949, Mrs. M. E. Perolio brought this suit for the purposes above indicated, against Willie R. Perolio, H. F. Gilmore, Mae P. Gilmore, H. G. Morton and Verla H. Morton. The respondents, other than Willie R. Perolio, filed separate and several demurrers to the amended bill, which were overruled and they appealed. Pending the appeal, Mrs. M. E. Perolio died and the cause was revived in the name of her administratrix, Beulah P. Sexton, and the heirs and devisees of M. E. Perolio, deceased.

The question for decision is the sufficiency of the bill of complaint as amended as against demurrer.

On demurrer, of course, a bill of complaint is construed most strongly against the pleader. However, when so tested, the language of the bill should be given a fair and reasonable interpretation and hypercriticism should not be indulged in.

When a bill of complaint shows the facts in the case and those facts show a right of recovery, the bill is sufficient, although the language in which the facts are stated may be somewhat involved or obscure. Zeigler v. Zeigler, 180 Ala. 246, 60 So. 810.

Construing the bill of complaint, as we have indicated above, we think the following facts, in substance, reasonably appear. On or about October 14, 1935, Mrs. M. E. Perolio and her son, Andrew J. Perolio, entered into an agreement under the terms of which Mrs. Perolio was to convey to her son a certain tract of land located in Jefferson County; that the son prepared or had prepared a deed to carry out the terms of the agreement, but that by or through a mutual mistake of the parties, the deed actually prepared, executed and delivered, contained two parcels of land, designated A and B, which were not included in the agreement; that the mistake was made in describing the lands, which description was by metes and bounds and erroneously included parcels A and B. In the alternative, the bill alleges in substance that complainant relied on her son to prepare, or have prepared, the deed to carry out the terms of their agreement under which she was to convey to him certain described lands, but that her son knowingly and intentionally prepared, or had said deed prepared, so that said deed did not carry out the agreement of the parties, but included said tracts A and B contrary to the intentions and agreement of the parties, and thereby perpetrated a fraud on complainant; that complainant executed said deed in reliance on her son's representations that said deed correctly described the lands which the complainant had agreed to sell and the son had agreed to buy. The bill further alleged that Andrew J. Perolio died on, to wit, March 15, 1945, and left the lands conveyed to him by complainant to his wife, the respondent Willie R. Perolio, for her life, subject to the right to sell the same, if need be, for her support; that Willie R. Perolio conveyed the lands to H. F. Gilmore, Mae P. Gilmore, H. G. Morton and Verla H. Morton by deeds dated October 13, 1947 and October 16, 1947; that the grantees in said deeds had knowledge and knew at the time said deeds were executed to them by Willie R. Perolio that complainant was occupying said parcels of land, A and B, claiming them as her own; that after the deeds were executed and delivered by the said Willie R. Perolio, as aforesaid, the grantees named therein had the property conveyed in said deeds surveyed and discovered that parcels A and B were included in their deeds; that complainant has had the continuous, open, notorious, hostile, adverse and peaceable possession of parcels A and B since October 14, 1935, the date on which she executed and delivered to her son the deed in which parcels A and B were erroneous-

ly included, and that her said possession of parcels A and B began in the year 1922; that complainant has never recognized that her son, or those claiming through him, had any interest in or to said parcels A and B, and that her son never claimed said parcels A and B; that no suit is pending to test the title to said parcels A and B.

Complainant offers to do equity and prays for a reformation of the deed to her son so as to exclude parcels A and B from the description therein contained or, in the alternative, a determination whether respondents, or any of them, have any right, title or interest in or encumbrance upon parcels A and B or any part thereof, and what such right, title, interest or encumbrance is, and in or upon what part of said real estate the same exists, and for general relief.

By demurrer, respondents attack that aspect of the bill seeking a reformation on the ground of mutual mistake of complainant and her son in the execution of the deed to the son, and that aspect relying on the mistake of complainant, accompanied by fraud on the part of the son. The demurrers also raise the point of limitations and laches.

In Eastis v. Beasley, 214 Ala. 651, 108 So. 763, 765, it was held that the averment that, "The ground for reformation is mutuality of mistake by the parties to the deed, in that, 'through error and inadvertence,' the property was described as in 'range 3 west instead of range 2 west' ", was sufficient allegation of a mutuality of mistake in the description of the deed.

In the case of Christopher v. Goode, 226 Ala. 338, 146 So. 881, 882, the following allegations were held sufficient as against demurrer in stating a case for the reformation of a mortgage on account of a mutual mistake of the parties: "Said mortgage does not truly describe the lands intended to be described therein and intended to be conveyed thereby in this; that said mortgage describes the east half of the northwest quarter of the southwest quarter of section 31, township 2 south, range 4 west, when in truth and fact, it was the intention of the said Fred E. Christopher and Robbie S. Christopher to convey the west half of the northwest quarter of the southwest quarter of section 31, township 2 south, range 4 west, Limestone county, Alabama; that said mistake was caused by the error or mistake of the scrivener, who prepared said mortgage, and that the said mortgage should be reformed to conform to the mutual intention of the parties—it having also been the intention of the mortgagees in said mortgage described to take a conveyance of the west half of said northwest quarter of southwest quarter of said section 31, instead of the east half thereof." See, also, Ikard v. Empire Guano Co., 233 Ala. 579, 173 So. 87; O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645; Great Atlantic & Pacific Tea Co. v. Engel Realty Co., 241 Ala. 236, 2 So.2d 425; . Ballentine v. Bradley, 236 Ala. 326, 182 So. 399; McCaskill v. Toole, 218 Ala. 523, 119 So. 214.

In the light of the foregoing authorities, we think that it is clear enough that the instant bill is sufficient in respect to that aspect thereof charging a mutual mistake of the parties in describing the lands intended to be conveyed by the complainant to her son, and as between complainant and her son, complainant states a case for the reformation of the deed. We also think it equally clear that, that aspect of the bill charging fraud on the part of the son, accompanied by a mistake on complainant's part, states a cause of action between the grantor and grantee in the deed. Title 9, § 59, Code of 1940; Ikard v. Empire Guano Co., supra; Cobern v. Foshee, 221 Ala. 301, 128 So. 779.

The further question is whether reformation may be decreed against subsequent purchasers from the son.

Reformation will be allowed not only as against the original parties, but also against those claiming under them in privity, such as representatives, heirs or devisees, legatees, assignees, voluntary grantees or judgment creditors, or purchasers from them with notice of the facts. 23 R.C.L. page 339, section 23, and cases cited in note; Phoenix Chair Co. v. Daniel, 228 Ala. 579, 155 So. 363, 365.

The allegations of the bill are to the effect that complainant was in the open, notorious, adverse and peaceable possession of parcels A and B from the year 1922 until June 26, 1948, the day this suit was instituted; that at the time respondent Willie R. Perolio conveyed parcels A and B to the other respondents, said respondents knew that complainant was in possession of said parcels A and B.

With respect to the question of the effect of a grantor's continued possession of land after the execution of his deed as notice of a claim adverse to the title conveyed, the authorities are not harmonious. See annotations 105 A.L.R. page 846. But our cases are clear to the effect that such continued possession is notice of all the equitable and other rights of the possessor. Copeland v. Warren, 214 Ala. 150, 107 So. 94; Walling v. Moss, 240 Ala. 87, 197 So. 30; Evans v. Bryan, 202 Ala. 484, 80 So. 868; Shiff & Sons v. Andress, 147 Ala. 690, 40 So. 824; Gewin v. Shields, 187 Ala. 153, 65 So. 769; Sulzbacher v. Campbell, 219 Ala. 191, 121 So. 706; Alexander v. Fountain, 195 Ala. 3, 70 So. 669. So considered, the bill of complaint states a cause of action against appellants in that aspect seeking a reformation on account of the mutual mistake of complainant and her son, and also that aspect charging the son with fraud, accompanied by the mistake of complainant.

As to the other aspect of the bill which seeks to quiet complainant's title, the bill contains all the allegations necessary to comply with the statutes in that regard. Title 7, §§ 1109 and 1110, Code of 1940.

Neither the ten year statute of limitation nor laches applies to one in adverse possession of land who resorts to a court of equity to settle a question of title, no matter how long the delay. First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121; Craig v. Root, 247 Ala. 479, 25 So.2d 147.

Affirmed.

All the Justices concur, except GARDNER, C. J., not sitting.