ADAMS, Justice.
Plaintiffs, Emma Johnson and others, filed suit in the Circuit Court of Russell County on May 16,1984, for the purpose of reforming a deed. The property they claim to own is described as being “the northeast quarter of the southwest quarter of Section 3, Township 14 North, Range 27 East.” Plaintiffs claim by a warranty deed dated March 1, 1961; however, that deed contained the following description: “The northwest quarter of the southwest quarter of Section 3....”
After receiving notice of the action, James Lewis, who had purchased an undivided interest in the northeast quarter of the southwest quarter in 1972, filed an answer denying the allegations of the complaint, and an amended answer claiming an equitable lien on that property for his purchase price of $5,250.00, plus $5,000.00 for recording costs, taxes paid, and expenses incurred in defending the action.
At trial, plaintiffs sought to prove ownership through adverse possession by prescription and, at the close of their case and with the approval of the court, amended their complaint to add the claim of adverse possession. The trial court entered judgment in favor of plaintiffs on the basis of adverse possession, and Lewis appealed.
In its judgment, the trial court set forth the findings of fact upon which it was based. This judgment reads:
This case has been submitted upon plaintiffs’ complaint as amended, answer of defendant James L. Lewis, the notice by publication, and evidence heard by the Court. This Court has jurisdiction of the cause of action and the parties. Plaintiffs’ original complaint was to reform a deed. At trial they requested [that] the complaint be amended to include a claim of adverse possession. Defendant James L. Lewis objected to this and the Court overruled the objection. The issue between the parties concerns title to 40 acres of land in Russell County described *920 as the.NE ¼ of the SW Vi of Section 3, Township 14 North, Range 27 East.
In 1961 Mattie Harris attempted to convey the 40 acres upon which she and Emma Johnson lived to plaintiffs. The description in this deed does not describe the property upon which they lived. Mattie Harris and Emma Johnson began living on the subject property in 1937. A fence was erected around approximately 40 acres. Plaintiffs have farmed on the property and kept cattle there. They have built a pond on the property. There are cattle on the property now. Plaintiffs do not have a deed giving them title of record to the property.
Defendant James L. Lewis bought an undivided interest in the subject 40 acres in 1972 from one of the heirs of the record title holder. He has never taken possession of the property, and the seller never was in possession. Lewis testified that he did not intend to buy plaintiffs’ property and that he does not claim plaintiffs’ house but the survey shows that he owns the property around the house. Lewis acknowledges that Emma Johnson and Mattie Harris have always claimed that they own the property.
Defendant Lewis and his predecessors have paid ad valorem taxes on the subject property since at least 1946. Emma Johnson paid taxes on property in the SW ¼ of Section 3 from 1972 to 1977. After the reappraisal of property the assessment was changed in 1978 to the NW corner of Section 3.
The Court finds that plaintiffs, to the detriment of the defendants, including James L. Lewis, have been in actual, open notorious, hostile, continuous, and exclusive possession of the NE ¼ of the SW ¼ of Section 3, Township 14 North, Range 27 East since 1937. They have acquired title to this 40 acre tract by adverse possession by prescription.
It is ADJUDGED and DECREED that as between plaintiffs, defendants and James L. Lewis, plaintiffs are the fee title owners of the following described real property:
....
Said property is 40.00 acres in size and is also described as the northeast ¼ of the southwest ¼ of Section 3, Township 14 North, Range 27 East, situated and lying in Russell County, Alabama.
The court then amended its judgment ex mern moto to add the following: “The present tax assessor testified that he checked the ad valorem taxes back to 1946. In that year the property was assessed in the name of Josh Burt who paid the taxes. Josh Burt is the predecessor in title of Defendant James L. Lewis.” The court then stated that it could not find any authority for Lewis’s claim for equitable lien to be attached to the property, and denied Lewis’s claim in this regard.
On appeal, Lewis asserts that plaintiffs did not prove adverse possession, that plaintiffs were barred by laches, and that he has a valid claim for an equitable lien and, therefore, that the judgment of the trial court is due to be reversed. We cannot agree with any of Lewis’s contentions.
In Alabama, there are two types of adverse possession, statutory adverse possession and adverse possession by prescription. On appeal, Lewis asserts that plaintiffs did not prove adverse possession, but Lewis’s argument relates solely to statutory adverse possession, and it is undisputed that the court ruled that plaintiffs were owners of the property by adverse possession by prescription. According to the court’s findings, plaintiffs began living on the property in 1937, erected a fence on the property, farmed it, kept cattle on it, built a pond on it, and have, at all times, *921 claimed to own it. We are of the opinion that this is sufficient evidence to support the trial court’s finding of adverse possession by prescription.
Lewis’s next argument, that plaintiffs were barred by laches, must also fail. Courts of this state have held that laches cannot be imputed to one in peaceable possession of land. Hicks v. Huggins, 405 So.2d 1324 (Ala.Civ.App.1981), writ denied, 405 So.2d 1328 (Ala.1981). Moreover, this Court, in Gilmore v. Sexton, 254 Ala. 560, 49 So.2d 157 (1950), stated:
Neither the ten year statute of limitation nor laches applies to one in adverse possession of land who resorts to a court of equity to settle a question of title, no matter how long the delay. First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121; Craig v. Root, 247 Ala. 479, 25 So.2d 147.
254 Ala. at 564, 49 So.2d at 161.
Lewis’s final contention is that he has an equitable lien on the property. In Costanza v. Costanza, 346 So.2d 1133 (Ala.1977), this Court was asked to enforce an equitable lien in favor of a bank. After listing cases which had established equitable lien principles in Alabama, this Court stated:
Although arising under multiple and varying circumstances, these cases stand for the rule that a court is authorized to exercise its equity power to impress a lien upon real property as security for a debt only where the person against whose interest the lien is declared and enforced is guilty of some wrongdoing in procuring the loan or service by which the debt is created. Our cases make clear that, whether the equitable grounds essential to give the “equitable lien” principle a field of operation are expressed in terms of “fraud”, “unclean hands”, or “unjust enrichment” mere passive conduct on the part of the party against whose interest the lien [is] sought is not sufficient.
Our careful review of the record fails to disclose any conduct on the part of Mrs. Costanza which even approaches any culpability of the nature required to invoke the operative effect of the equitable lien doctrine.
346 So.2d at 1136.
In the case before us, plaintiffs are not guilty of any wrongdoing or culpable conduct. They have merely been living on property that they thought they had a valid deed to, and have done nothing to bring about any hardship that Lewis may have to suffer.
For the above-stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.